| 1 | 271 |
| 129 | 375 |
| 129 | 741 |

No. 43.—JOHN JOHNSON, County Treasurer, plaintiff in error, *vs.* the STATE OF GEORGIA, *ex relatione,* T. A. BRANNON, former sheriff of Muscogee county, defendant in error.

The writ of mandamus is grantable at any time, either in vacation or in term, upon proper cause shown.

In all cases, however, where the parties' rights may depend upon an issue of fact, the writ must be made returnable before the judge in term.

The law organizing the Inferior Court, constitutes five justices the court. The concurrence of a majority of the whole number of justices is therefore necessary to the validity of their action.

The Inferior Court has no power to rescind an order drawn by it on the county treasurer for money.

This cause came before the Supreme Court, upon the transcript of the record and bill of exceptions, from the Superior Court of the county of Muscogee.

It appeared that the Inferior Court of the county of Muscogee, sitting for county purposes, on the 31st January, 1846, passed the following order, viz. :

"Ordered, that the county treasurer pay to T. A. Brannon, former sheriff of said county, the sum of six hundred and six dollars and eight cents, as per account rendered for the year 1845, out of any money in the treasury."

A copy of said order, duly certified by the clerk of said court, was delivered to said Brannon, and by him presented to the said John Johnson, the county treasurer, for payment, who refused to pay the same. The relator thereupon applied to the Honorable Robert B. Alexander, judge of the Chattahoochy circuit, for a mandamus *nisi* at chambers, and the writ was issued accordingly against the county treasurer, and made returnable before the judge in vacation. Upon the return of the writ, and before answering, the respondent, by counsel, moved to quash the writ, upon the ground that the judge had no power to issue the writ, and make it returnable before him in vacation. This motion the judge overruled, and the plaintiff in error excepted.

The plaintiff in error then returned, as a reason and justification for his refusal to pay said order, that the Inferior Court in vacation had passed an order, rescinding their first order, three justices presiding, and two of them only concurring in the order to rescind. Also, a further order, passed at a regular meeting of the court, directing the plaintiff in error not to pay the order first made in favor of the relator. After argument had, the judge overruled the return of the plaintiff in error, and made the mandamus absolute against him. To which decision of the court below, the plaintiff in error excepted. Upon these two exceptions, error was assigned.

JAMES JOHNSON, for the plaintiff in error.

The mandamus *nisi* is defective and irregular.—3 *Chitty's Practice*, 89, 6 *Term Rep.* ; *Dudley's Rep. 221.*

The court will set aside and quash irregular process.—4 *Cowen*, 73 ; 7 *East.* 345 ; 5 *Stewart and Porter*, 402.

The court erred in making the mandamus peremptory, there being no legal right as against treasurer.—10 *Wend.*

HINES HOLT, for the defendant in error,

On the 1st point, cited *Prin. Dig.* 909–10–11 ; *Constitution*, 419, 420, 421, 440, 441, 438, 618.

And on the question whether mandamus was the proper remedy, cited *Prin. Dig.* 185 ; *Dudley's Rep.* 37 ; 6 *Johns. Rep.* 279 ; 12 *Ib.* 414 ; 19 *Ib.* 259 ; 8 *Ib.* 247 ; 1 *Strange Rep.* 42.

*By the Court*—NISBET, Judge.

A mandamus *nisi* was issued by the judge of the Circuit Court for the county of Muscogee, in favor of T. A. Brannon against John Johnson, the county treasurer, for the purpose of enforcing payment of the following order, to wit:

" Ordered, that the county treasurer pay to T. A. Brannon, former sheriff of said county, the sum of six hundred and six dollars and eight cents, as per account rendered for the year 1845, out of any money in the treasury." The writ was issued and returned before Judge Alexander at chambers, in vacation. Upon the return, and before answering, the respondent, by counsel, moved to quash the writ, upon the ground that the judge had no power to issue and make it returnable before him in vacation. This motion the judge overruled, and upon this judgment error is assigned; the plaintiff in error alleging, that the judge of the Superior Court has no power in Georgia to issue the writ of mandamus, or to make it returnable before him in vacation. This was formerly a prerogative writ, but is now a writ of common right. The citizen is entitled to it in all cases where he has a perfect legal right, and no adequate and specific remedy for its enforcement.—*Bac. Abr.*, title *Mand.* It is the duty of the court to grant it, yet it is also its duty to permit the party called upon to show cause against it. It is not pretended that in this case it was not the proper remedy to compel payment of the order. By the Constitution of Georgia, the judges of the Superior Courts, or any one of them, shall have power to issue writs of mandamus, prohibition, &c.—*Const.* art. 3, sec. 7; *Prin.* 911.

The manner and time of exercising this power is not prescribed by statute, and we are therefore remitted to the common and statute law of England, as of force at the time of our adopting statute for our guidance in this particular. We have no doubt of the power, according to the common law, of the judges to issue this writ at any time in vacation, but believe that, in general, it must be returnable in term. We are not inclined to favor the idea, that the judges may give judgment upon any question involving facts, in vacation, unless the power be expressly conferred by statute.

In England, the writ of mandamus, when the defendant resided above forty miles from London, was, by a rule in King's Bench, returnable within fifteen days from the time it bore teste ; if less than forty miles, then within eight days.—2 *Salk.* 434. Under other circumstances, no rule as to the time of its return appears to have been established. As the terms of the courts in England occupy the greater part of the year, it would there subject the parties to no inconvenience to have these writs returnable within the terms.

Formerly the answer or return of the respondent was not traversable, and the relator was left to his action on the case for damages for a false return. Now, however, by statute of 4 *Anne,* the return to the writ may be traversed ; and this right of traversing is in lieu of an action for false return. Upon the issue made, the jury are to inquire of the damages as part of the charge. Since this statute, in cases to which it applies, proceedings by mandamus are in the nature of an action, pleadings therein being admitted. By the 6*th sec. of the statute of Anne,* the respondent is allowed time to make a return, plead, reply, rejoin or demur. This statute does not extend to all cases ; and in all cases to which it does not extend, the proceedings were according to the course of the common law, until the statute of 1 *William* 4 extended its provisions to all writs of mandamus except as to certain cases therein specified.—*Wheaton's Selwyn,* 1115. I refer to these statutes to show, that proceedings by man-

damus are in the nature of an action, to which the respondent may plead, and upon which issue may be joined.   The statute of *Anne* is in force in Georgia.   Under these English statutes, the issues of fact are triable by a jury.   By the statute of 38 *Geo.* 3, it is made the duty of the court, at the instance of either party to a writ of mandamus, to direct the issues made thereon to be tried in the adjoining county, and to award a writ of *venire facias* accordingly.—*Tidd's Prac.* 724.

Now, in England, the writ of *venire facias* is always at the command of the court; a jury may be summoned at any time.   It is not, therefore, on account of the traverse being triable by a jury, indispensable in England, that the writ be returned in term.   But how is it here ?   By common law, by statute of *Anne*, in force in Georgia, by the Constitution of the State and of the United States, the citizen is entitled, as well in the case of a mandamus, as in any other case, to the trial by jury.   Can he enjoy this right upon a mandamus, returnable before a judge in vacation ? Can the judge in vacation summon and empannel a jury ?   We know of no such general power.   The statute of the State prescribes the manner of summoning and empanneling grand and petit jurors; and where a jury is authorized in any special proceeding, the manner of assembling it is specially designated.   The judge can command a jury for the trial of an issue on mandamus, only in term ; and for this reason, we are of opinion, that in all cases of mandamus, where the parties' rights may depend upon an issue of fact, the writ must be made returnable before the judge in term.   There was therefore error in the court below, in not quashing the writ, according to the motion of the respondent's counsel.

The return exhibited an order of the Inferior Court, passed in vacation, rescinding their first order ; also a further order, passed at a regular meeting of the court, directing the treasurer not to pay the order first issued in favor of the relator.   The second in the series appears, by the record, to have been concurred in by only two justices of the Inferior Court, three being present.   This order, for this reason, we hold to be a nullity, and was properly disregarded by the judge.   The law, organizing the Inferior Court, constitutes five justices the court.   We hold the concurrence of a majority of the whole number necessary to the validity of their action.

It was claimed by the respondent, that the order directing him not to pay the sum due by the first order to the relator, was a conclusive bar to a recovery upon it.   We do not so think.   The relator had no notice to appear and resist it.   The first order was evidence of a just claim ; the court could not at will recall it.   A right of action accrued thereon in favor of the holder against the drawers or their legal agent.   They occupy the position and hold the relations of any other drawers of such a paper, and could not discharge themselves by subsequent action, to which the relator was not a party.   The court, through the respondent, were entitled to such defences against the claim as any other party to such an instrument would be entitled to make.   Nor would the treasurer be loser : for if judgment passes against him, having made such defences as the law allows, it would be a protection against liability over to the court.   It is the judgment then of this court, that the decision of the Circuit Judge, on the first assignment of error, be reversed, and affirmed on the second.