GEORGETOWN *v.* GLAZE et al.

The purpose of the act of congress (May 23d, 1844) is to vest the estate and trust powers, not in the corporation itself, but in some one or more of the corporate officials in their official and politic capacity. The corporation may maintain its bill to correct an abuse of the trust, affecting the common interest of all the beneficiaries, but cannot interfere between individual applicants.

*Error to Probate Court of Clear Creek County.*

THE bill in this suit alleges that Georgetown in its corporate capacity, in the name of James Gunn, president of the board of selectmen of Georgetown, under the act of congress of May 23d, 1844, and March 2d, 1867, entered and paid for land embraced within the corporate limits of Georgetown, at the United States Land Office, in Central City, Colorado Territory, on the 7th day of January, 1874, and from that day, title to the same, actually vested in Georgetown, through said Gunn, president, etc., but subject to rights of individuals and others claiming any

portion of said lands for whom said title is held in trust, under said acts of congress. Glaze, Plummer, Hunter and Johnson are made defendants.

The bill also alleges that Glaze, on the 15th of January, 1874, filed in the office of James Gunn, police judge of Georgetown, his statement in writing, claiming occupancy and title to, and asking for a deed to lots Nos. 11, 12, 13, 16, 17 and 18, in block No. 76 of Georgetown. That Plummer, on the 13th day of January, 1874, filed a like statement in writing, in the office of said James Gunn, claiming title and occupancy, and asking for a deed to lots Nos. 15, 16, 17 and 18 in said block No. 76. That Hunter, on the 16th of January, 1874, also filed his statement in writing, in the said office of the said James Gunn, claiming title, occupancy and possession of and asking for a deed to lot No. 11 in said block No. 76. That Johnson, on the 2d day of April, 1874, filed his statement in writing in said office of said James Gunn, by which he claimed title to and asked for a deed to lots Nos. 12, 13, 16 and 17, in said block No. 76; that the statement of each of said defendants remains deposited in said police judge's office, uncanceled, and a continuing demand upon the chief officer of Georgetown for the conveyance of said lots to each of said defendants, as claimed to the exclusion of the other, and that neither of said defendants have instituted proceedings to determine the proper person or persons to whom such deed should be made; that more than six months have elapsed since the said defendants, or one or more of them, should have commenced suit against the other to determine as to who should receive title to said lots; that under said acts of congress, said Georgetown, through said James Gunn, holds the said town site in trust as provided by said acts; and when it shall appear that any portion of said site shall not be claimed, and if claimed, that the claimants are not entitled to the ground so claimed, that the same shall be held in trust for all the inhabitants of Georgetown, to be disposed of as provided by the laws of Colorado Territory; that

there is no collusion of Georgetown with any of the defend-
ants, but that the suit is brought to compel said defendants
to interplead and show who is, if any one or more of them
are, entitled to a deed of said lots, and thus release George-
town from its responsibility in the premises. Hunter filed
a disclaimer; Glaze, Johnson and Plummer filed a plea in
abatement to the jurisdiction of the probate court, claim-
ing that the jurisdiction was solely in the district court of
said county.

The plea was held insufficient; the last-named defend-
ants demurred to the bill; the demurrer was overruled and
the defendant Glaze only answered. The answer of Glaze
admits the corporate character of the complainant and the
entry by Gunn, but denies that from the time of said entry
the title to said town site vested in Georgetown through said
Gunn, nor did the said title vest in Georgetown through
any person, by virtue of said entry. Admits that the de-
fendant did not commence suit against his adverse claim-
ants, and denies that he should have commenced such suit.
Admits the filing of his statement claiming the lots as
alleged in the bill, and setting up title in himself from 1867
to the date of filing his answer.

. The complainant put in a general replication. The only
evidence offered by the complainant at the hearing was the
patent from the government conveying the town site to
James Gunn, president of the board of selectmen of George-
town as follows :

"THE UNITED STATES OF AMERICA.

" *To all to whom these Presents may come, Greeting* :

"Whereas, James Gunn, president of the board of select-
men of Georgetown, Clear Creek county, Territory of Colo-
rado, in trust for the several use and benefit of the occu-
pants of the town site of Georgetown, in the county and
Territory aforesaid, according to their respective interest,
by virtue of the acts of March 2d, 1867, entitled 'an act for
the relief of the inhabitants of the cities and towns upon the

public lands,' and the act of June 8th, 1868, has deposited in the general land office of the United States a certificate of the register of the land office at Central City, Colorado Territory, whereby it appears that full payment has been made by the said James Gunn, president of the board of selectmen as aforesaid, in trust as aforesaid, according to the provisions of the act of congress of the 24th of April, 1820, entitled, 'an act making further provisions for the sale of the public lands,' for the lots or parts of sections described as follows in the field notes of the government survey thereof."

(Description of the land conveyed in which were the lots described in the bill, then followed.)

"Which said tracts have been purchased by the said James Gunn, president of the board of selectmen as aforesaid. Now know ye, that the United States of America, in consideration of the premises, and in conformity with the several acts of congress, in such cases made and provided, have given and granted, and by these presents do give and grant unto the said James Gunn, president of the board of selectmen as aforesaid, in trust as aforesaid, and to his successors, the said tracts above described ; to have and to hold the same, together with all the rights, privileges, immunities and appurtenances of whatsoever nature thereto belonging, unto the said James Gunn, president of the board of selectmen as aforesaid, and to his successors and assigns, in trust as aforesaid. No title shall hereby be acquired to any mine of gold, silver, cinnibar, or copper, or to any valid mining claim or possession held under existing laws of congress."

The patent was signed and attested in the usual form. The defendant moved to dismiss because the proof did not sustain the allegations of the bill. The motion was allowed and the complainant prosecutes this writ of error.

Mr. CHARLES E. POST, and Mr. W. S. ROCKWELL, for plaintiff in error.

Messrs. TAYLOR & YATES, for defendants in error.

WELLS, J. It is doubtful whether the act regulating the execution of the trust arising out of the entry of the town site of Georgetown (acts 8th session, 150) is not a private act and so necessary to be noticed in pleading, and proven. It may also be questioned whether the act of February 13th, 1874 (acts 10th session, 213), has the effect to extend the jurisdiction of the probate court to controversies of this character.

Aside from these questions, however, the bill was properly dismissed. The purpose of the act of congress is to vest the estate, and trust powers, not in the corporation itself, but in some one or more of the corporate officials, in their official and politic capacity, as was held at this term, in *Smith* v. *Pipe* (*ante*, page 187,) nor by construction of law can the entry in the name of the corporate officials inure to vest the estate in the corporation. No such intent is manifest in the statute. The case of the *City* v. *Kent*, which is relied upon, is, doubtless, authority that the corporation may maintain its bill to correct an abuse of the trust, which affects the common interest of all the beneficiaries, but it is far from sustaining the propriety of an interference by the corporation, between individual applicants where no claim in behalf of the public is sought to be asserted.

The decree of the probate court is affirmed.

*Affirmed.*