RUSSELL *et al. vs.* COOLEY *et al.*

The act of 1881, which made it the duty of the judge of the superior court of Chatham county, the judge of the city court of Savannah, and the ordinary of Chatham county to appoint three freeholders residing in each militia district in the city of Savannah, who were to constitute a board of registration and election managers for said city, is not obnoxious to that clause of the constitution which declares "that the legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided."

December 12, 1882.

Injunction. Constitutional Law. Departments of Government. Before Judge TOMPKINS. Chatham County. At Chambers. November 9, 1882.

Reported in the decision.

J. J. ABRAMS, by J. H. LUMPKIN, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

By act of the legislature of September 29, 1881, it was made the duty of the judge of the superior court of Chatham county, the judge of the city court of Savannah, and the ordinary of said county, to appoint three free-

holders residing in each militia district in the city of Savannah, who were to constitute a board of registration and election managers for said city.  This power of appointment is the only one conferred by the act aforesaid upon these officers ; all other matters thereunto appertaining are to be performed by the board.

The bill which is the subject matter of this suit, is filed by the plaintiffs in error to test the constitutionality of the law, and to enjoin the board appointed under it from further proceeding in the performance of the duties required of them under the same.

The clause in the constitution of which the act is claimed to be violative is, that " the legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall, at the same time, exercise the functions of either of the others, except as herein provided." This provision in substance, and almost in words, is found in all the constitutions framed for the state, and is certainly one which each department of the government should, and doubtless does, desire to maintain.

It is contended that, under the constitution and laws, the general power of appointment to office, appertaining to the execution of the laws, is conferred upon the governor of the state, and that the appointment by a judicial officer of the persons constituting this board, is the exercise of a function belonging to the executive department of the government.  Whilst this may be true, it is also provided that this power is not to be exercised where it is otherwise prescribed by the constitution and laws. Code, §69; Const., Art V, Section I, Par. XIV.

In the act which we are considering the power of appointment is otherwise prescribed, so that the question to be settled is, whether the appointment of these freeholders by the judges is the exercise of a function placed by the constitution in the hands of the executive of the state.

This clause in the constitution has been considered by

this court, and may be found in the case of *Beall et al. vs. Beall*, 8th *Ga.*, 211, and it was there held that whilst the constitution declares that these three powers of the government shall be distinct, still the separation is not, and from the nature of things cannot be, total. And it is very certain that from the adoption of the constitution itself to the present time, the construction of this clause by each of the other two departments of the government has been different from that which we are now asked to give it.

It is earnestly and ably argued that the appointment of this board of registration is not a judicial function, because the duties of the said board relate to no judicial suit or proceeding, and therefore the appointment by judicial officers is illegal and void under the constitution.

Had this been the view of the legislative and executive departments, they never would have conferred upon the inferior court, as it existed until recently, the power to appoint vendue masters, lumber measurers, road commissioners, notaries public and county treasurers, as well as the power to fill vacancies in the offices of tax collectors and receivers. But it is said that these powers were conferred because the inferior court was clothed with powers other than judicial, and these were exercised under the latter grant. This might be sound if it were not from the fact that they were to be exercised by the inferior court, and the court could not exist for business except through its judges.

Besides the power of appointment so exercised by that very highly respected and important part of the judiciary during its existence, we have had the power of appointments conferred upon the judges of the superior courts in many instances, such as members of the boards of education, when vacancies are to be filled, commissioners to revise the jury boxes, commercial notaries, and notaries public, who are *ex officio* justices of the peace.

It will be seen that none of these appointments relate to judicial suits or proceedings, such as masters in chance-

ry, auditors, commissioners to take testimony, or admeasure dower, and matters of like nature, which it is insisted are the only appointments that can be constitutionally made by the judicial officers of the state.

But it is strongly urged, that if the judge of the superior court were to refuse to discharge this duty, or to discharge it improperly, there would be no redress upon the part of the citizens, as he would be the only official to whom application could be made for a remedy. The same difficulty would arise, and the citizens would be equally remediless, if the judge were to refuse to hold his courts, refuse to punish persons convicted of crime, or refuse to discharge any other official duty incumbent upon him. The remedy in all such cases lies in impeachment.

The only connection which the judge of the superior court has with this subject is that of aiding in the appointment of the freeholders who are to compose the board of registration, and this connection would no more disqualify him from passing judicially upon the acts of the board than the appointment of notaries public would disqualify him from passing upon any official act of said notaries.

We see no unconstitutionality in the act under the ruling of this court in the 8th *Ga.*, above referred to, and according to the uniform practice of the state government in each of its departments, from colonial times to the present.

We recognize the fact that other states and other courts to some extent have held and acted differently, but we are content to follow in the footsteps of the fathers of this commonwealth, leaving others to follow in the footsteps of theirs, or depart therefrom as in their wisdom shall seem best.

Judgment affirmed.