TOWN OF ASPEN v. RUCKER ET AL.

1. The legislature is authorized to make all needful rules and regulations for the execution of the trust, concerning town sites, and the appropriation of the proceeds of sale of the trust estate, including the power to direct sales.

2. The trustee is required, under the statute, to execute deeds to occupants of the town site of the lots to which they are entitled, upon their compliance with the local rules and regulations. But only residents and actual occupants and their assigns are entitled to demand deeds from the trustee by virtue of the act of congress.

3. Purchasers of vacant or forfeited lots in the town site, at sales regularly made pursuant to statute, are entitled to conveyance from the trustee.

4. The courts also have powers in the premises, which may, in proper cases, be called into exercise. But neither the legislature nor the courts are authorized to change the character of the estate granted by the government from an estate in trust to one in fee-simple, save by conveyance to beneficiaries who have complied with the law, or by *bona fide* sales made by the trustee under such regulations as the legislature may prescribe.

5. The construction given by the courts of this state to the act of congress is that the town site is required to be held in trust until finally disposed of as trust property. The purpose of the acts of congress was to vest the estate and trust powers, not in the corporation itself, but in the trustee in his official or politic capacity, and to limit it to the successor in trust, until the trust should be finally exhausted.

6. An entry in the name of the corporate officials of a town cannot, by construction of law, inure to vest the estate in the corporation.

7. A corporation may maintain a bill to prevent an abuse of the trust when abuse is imminent.

ELBERT, J., dissenting.

*Appeal from District Court, Garfield County.*

THIS chancery proceeding was instituted by the town of Aspen, in Pitkin county, against the above-named defendants, who are residents of the same county. The purposes of the bill are: *First,* to obtain an injunction to restrain said county judge from conveying a portion of the town site of the town of Aspen to the defendant, the Aspen Town & Land Company; and, *second,* for a decree adjudging the complainant to be the owner of the real estate claimed by the said corporation defendant.

The facts upon which the prayers for relief are based are as follows: That the town site of the town of Aspen was entered in the United States land office by J. W. Deane, then county judge of said Pitkin county, on the

2d day of June, 1881, in trust for the several use and benefit of the occupants thereof; that public notices of the entry were given and published by said county judge, as required by law; and that, within the time prescribed by law for the presentation of claims for lots and parcels of ground within said town site, the said town and land company, defendant, presented to said county judge a statement of particular parcels of land situate therein, in which it claimed an interest. It further alleges that no other applications have been received by the county judge or his successors in office for deeds to the parcels of land described in the bill and claimed by said town and land company. Another allegation is that the last-mentioned defendant has demanded a deed of the lots, blocks and parcels of land so claimed by it from the defendant Rucker, as county judge and successor in trust to the patentee of said town site, and that, unless restrained by injunction, he will execute and deliver deeds therefor to said town and land company. It alleges that said town and land company is not entitled to a deed for any portion of said lands for the following among other reasons, to wit: "That the said the Aspen Town & Land Company was not on the 2d day of June, A. D. 1881, nor on the 29th day of July, A. D. 1881, when it delivered its statement of claim into the office of the said J. W. Deane, county judge, as hereinbefore set forth, the occupant of, or in the possession of, or entitled to the occupancy or possession of, said above-described real estate, or any lot, block, share or parcel thereof, but filed said statement for the purpose of speculation only. * * * That said corporation was organized, as plaintiff is informed and verily believes, for the sole purpose of attempting to obtain title to said town site of Aspen and speculate in town lots in said town site; and plaintiff is advised that such object is not authorized by law." The alleged ownership of the complainant is based upon the allegations that no valid claims have been presented for

the lands in controversy, and that more than three months have elapsed since the time for filing statements of claims expired. Upon these statements of fact, and the preceding statement, that the town and land company was not qualified to claim title, the complainant avers that the real estate described in the bill now belongs to it as the town of Aspen.

A temporary injunction was ordered to issue as prayed for in the bill, upon the filing thereof. The defendants demurred to the bill, alleging ambiguity and informality, and that it did not state facts sufficient to constitute a cause of action. The district court sustained the demur-, rer and dismissed the bill.

Messrs. A. Heims, L. S. Dixon and C. J. Hughes, for appellant.

Messrs. Taylor and Ashton and J. M. Downing, for appellees.

Beck, C. J.   In so far as the bill alleges the ownership of the lots and blocks in controversy to be in the town of Aspen as a corporation, and seeks to have the title so adjudged by a judicial decree, its demands are not warranted either by the law or the facts of the case. It is true the legislative act of March 1, 1881 (Laws 1881, p. 239, § 4), contains a provision which would appear to sustain the claim here made, but the adjudications of this and other courts are to the effect that the act of congress approved March 2, 1867, under which the entry in this case was made, will not bear such an interpretation.

The last clause of section 4 of the legislative act provides: "In case any lots in such town remain unclaimed and unconveyed at the end of said ninety days, all such lots shall revert to and become the property of such town." Section 27 also provides, on failure of persons or associations of persons entitled to lots and parcels of land to pay certain fees and charges within the time therein

prescribed, that they shall be deemed to have relinquished all right, title, interest or estate therein, and the corporate authorities shall thereafter be deemed to be seized of the title thereto in fee-simple absolute, discharged of the trust.    The language of the act of congress, authorizing the entry, however, and the language of the grant as well, is to the effect that the title to the property conveyed by the government patent is to be held in trust for the several use and benefit of the occupants of the town site.

The mistake of the complainant in this case seems to have been, either in overestimating the power of the state legislature, or in misconstruing the provisions of the act of March 1, 1881.    This body is authorized to make all needful rules and regulations for the execution of the trust, and the appropriation of the proceeds of sale of the trust estate.    This includes power to direct sales of the entire trust estate, saving and excepting the lands used for streets, alleys, parks and other public purposes.    The trustee is required to execute deeds to the occupants of the town site of the lots or parcels of land to which they are entitled, upon their compliance with the local rules and regulations.    But only residents and actual occupants and their assigns are entitled to demand deeds from the trustee by virtue of the act of congress.    Purchasers of vacant or forfeited lots and parcels in the town site, at sales regularly made pursuant to statute, are likewise entitled to conveyances from the trustee or person invested with the title thereto.    The courts also have powers in the premises, which may, in proper cases, be called into exercise.    They have jurisdiction to determine controversies between adverse claimants, and to enforce the rights of legal claimants.    But neither the legislature nor the courts are authorized to change the character of the estate granted by the government, from an estate in trust to one in fee-simple, save in the manner above mentioned; that is to say: *First*, by conveyances to beneficiaries, who

have complied with the law; *second,* by *bona fide* sales made by the trustee under such regulations as the legislature may prescribe.

The construction given by the courts of this state to the acts of congress is that the entire town site is required to be held in trust until finally disposed of as trust property. It was held in *City of Denver v. Kent,* 1 Colo. 336, that those portions to which no valid claims exist in favor of individual occupants are to be held in trust for the occupants collectively, as a community. It was again held in *Georgetown v. Glaze,* 3 Colo. 234, and also in similar terms in *Smith v. Pipe,* id. 187, to have been the purpose of the acts of congress to vest the estate and trust powers, not in the corporation itself, but in the trustee or trustees, in his or their official or politic capacity, and to limit it to the successor in trust, until the trust should be finally exhausted. The court further held that an entry in the name of the corporate officials of a town could not, by construction of law, inure to vest the estate in the corporation, and that no such intent was manifest in the act. The foregoing views and decisions are sustained by *Lechler v. Chapin,* 12 Nev. 65; *Town Co. v. Maris,* 11 Kan. 128; and many other cases therein cited.

The complainant in the present case, the town of Aspen, misconstrued the act of congress when it declared, in the complaint filed herein, that "*the real estate herein described belongs to it as the town of Aspen.*" Upon consideration of the pleadings, therefore, consisting of the bill and the demurrer thereto (and there is nothing more before us in this case, save the order for the temporary writ of injunction, and the subsequent judgment of the court dissolving the judgment and dismissing the bill), we are of opinion that this branch of the bill, as framed, presents no ground for equitable relief.

We will now inquire whether the complainant was entitled to injunctive relief upon the facts and circumstances stated in the bill. The allegations of the bill,

that the defendant, the Aspen Town & Land Company, presented its statement to the trustee, claiming to be entitled to lots, blocks and parcels of land described in the ·bill, and that it is not, and never was, an occupant or in possession of any portion thereof, and that said defendant, the county judge of Pitkin county, who holds the title to such lots and parcels of land in trust, ·will execute a deed therefor to said claimant, unless restrained by injunction, is conclusive of this question.     These are material allegations of fact, and they are admitted to be true by the demurrer of the defendants.     Upon the pleadings, therefore, the town and land company is clearly not a beneficiary of the trust.     It acquired no right to a conveyance by the statement presented to, nor the demand for a deed made upon, the trustee.     *Sherry v. Sampson*, 11 Kan. 615; *Lechler v. Chapin*, 12 Nev. 65-72; *Carson v. Smith*, 12 Minn. 560 (Gil. 458); *Leech v. Rauch*, 3 Minn. 448 (Gil. 332); *In re Selby*, 6 Mich. 193; *Town Co. v. Maris*, 11 Kan. 148.     As held in *Bingham v. City of Walla Walla*, 13 Pac. Rep. 408, it was the duty of the court to control the action of the trustee, during the pendency of the trust, against acts prejudicial to the rights of the *cestui que trust*.     If the corporation may maintain its bill to *correct* an abuse of the trust which affects the common interest of all the beneficiaries, as held in *Georgetown v. Glaze* and *City of Denver v. Kent, supra*, it may with equal propriety maintain a bill to *prevent* such an abuse, when the same is imminent.

It follows that the district court erred in sustaining the demurrer to the whole bill of complaint, and in dismissing the bill.     For the reasons assigned, the judgment is. reversed and the cause remanded.

*Reversed.*

ELBERT, J., dissenting.