MANGHAM *et al. v.* MALLORY *et al.*

BECK, J.   There is no provision in the law which authorizes any one to appear and object to the granting of the order directing the clerk of the superior court to issue the certificate of incorporation as provided in the Political Code, §687, which provides for the granting of an order by the superior court directing the clerk of said court to issue a certificate of incorporation of a town or village; nor is there any provision for the review by this court, by writ of error or otherwise, of the action of that court in granting the order.   This being so, the motion to dismiss the writ of error in this case must prevail.

*Writ of error dismissed.   All the Justices concur.*

Submitted April 24,—Decided May 18, 1907,

Petition for incorporation of town.   Before Judge Reagan.   Upson superior court.   June 26, 1906.

Mallory and others filed their petition to the superior court of Upson county for the incorporation of the town of Crest, as provided in the Political Code, §685 et seq.   The petition alleges, that they are "qualified voters and male inhabitants of the town of Crest;" that they have "given due notice of time of holding election in said town of Crest on the question of incorporation, and also of their intention to apply for the issuing of a certificate chartering said town," in the manner required by law, and that on June 2, 1906, the election so advertised was held and resulted in twenty votes "for incorporation," and none against it; and that the same was duly certified by the managers of the election.   Mangham and others filed a caveat to the petition, on the ground that not more than fifteen male persons of legal age resided within the limits of the town; and that several of the petitioners were not qualified voters of the town.   The petitioners demurred to the caveat, on the grounds, among others, that "the court has no jurisdiction to hear and determine the question made by said caveat, there being no law providing for or authorizing any defense or objections to be made," and that the caveat sets up no legal reason why the charter should

not be granted. At the hearing of the petition, the court dismissed the caveat, and passed an order directing the clerk of the superior court to issue a certificate of incorporation for the town of Crest. The caveators excepted. The defendants in error moved to dismiss the writ of error, on the ground that "there is no law authorizing a writ of error from the judgment in this case."

*M. H. Sandwich* and *Tisinger & Davis,* for plaintiffs in error.
*Claude Worrill* and *J. Y. Allen,* contra.