## SHREVE *et al. v.* PENDLETON, judge.

1. When duties are imposed on a judge of the superior court as an officer, another judge of the superior court has no power to issue a mandamus to compel the performance of such duties.
2. One superior-court judge having no power to issue a mandamus against another superior-court judge to compel the discharge of an official function, this court will not inquire into the merits of the case, but will affirm the judgment refusing to grant a mandamus absolute.

Submitted May 28,—Decided October 8, 1907.

Petition for mandamus. Before Judge Holden. Fulton superior court. March 16, 1907.

*Anderson, Felder, Rountree & Wilson,* for plaintiffs.

*Wharton O. Wilson,* for defendant.

EVANS, J. Applicants desired to incorporate a town agreeably to the provisions of the Political Code, §§ 685-687. They filed a petition in the superior court of Fulton county (which is embraced in the Atlanta judicial circuit), in which they alleged that the various provisions of the foregoing code sections had been complied with, and prayed an order directing the clerk of the superior court of Fulton county to issue a certificate of incorporation. A property owner filed a caveat to the granting of the order prayed for, and the case was submitted to the judge on an agreed statement of facts. The judge of the Atlanta circuit, for reasons assigned in his judgment, based on conclusions of law from the admitted facts, refused to direct the clerk of the superior court of Fulton county to issue a certificate of incorporation; whereupon the applicants applied to the judge of the superior courts of the Northern circuit for the writ of mandamus to compel the signing of the order directing the clerk to issue a certificate of incorporation. The judge of the Northern circuit granted a mandamus nisi, and, upon the coming in of the answer, denied a mandamus absolute. The writ of error complains of the refusal to make the mandamus absolute.

We think an insurmountable obstacle confronts the plaintiffs, before the merits of their case can be considered. It involves a question of such grave concern that it is well that it should be settled before any serious complication may arise from one judge invading the jurisdiction of another judge of co-ordinate power, and compelling him by mandamus to do an act which, though not

strictly judicial in character, appertains to and is devolved upon the judicial office. If one judge of the superior court is without jurisdiction to issue the writ of mandamus against another judge of the superior court, to compel the performance of an act appertaining to the latter's judicial office, this court will not reverse the judgment refusing the writ. *Harris* v. *Sheffield,* 128 *Ga.* 299 (57 S. E. 305).

At common law the writ of mandamus issued from the court of King's Bench, and was directed to any person, corporation, or inferior court of judicature, requiring them to do some particular thing, therein specified, which pertained to their office and duty, and which the court of King's Bench had previously determined, or at least supposed, to be consonant with right and justice, and where there was no other adequate and specified remedy. Merrill on Mandamus, §1. In the constitution of Georgia, adopted in 1798 (art. 3, sec. 7), power was conferred on the judges of the superior court to issue writs of mandamus, and all other writs which might be necessary for carrying their powers fully into effect. In cases where the manner and time of exercising this power is not prescribed by statute we have to look to the common and statute law of England, as of force at the time of our adopting statute. *Johnson* v. *State,* 1 *Ga.* 273. Our present constitution omits any reference to the writ of mandamus, but the statute (Civil Code, §4321) declares that "the judges of the superior courts have authority . . to grant for their respective circuits writs of . . mandamus." "All official duties should be faithfully fulfilled; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfilment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." Civil Code, §4867. This section of the code, at first blush, seems sufficiently broad to cover every case of official inaction; but comprehensive as it is, it can not extend to every case of failure to perform official duty. For instance, suppose the Supreme Court should arbitrarily refuse to decide a case within the time limited by the constitution, no one would contend that the judge of the trial court, whose decision is under review, could compel action, by issuing the writ of mandamus at the instance of either litigant. This is so for the reason that the writ issues only from a

superior court to an inferior court, to do those acts which clearly appertain to its duty. The very etymology of the word "mandamus,"—we command, implies superior power; the power of a superior authority to compel an official or inferior judicature to act. The same reason which prohibits an inferior court from controlling the conduct of a superior tribunal applies just as cogently to the effort of one judge to compel the action of another judge or co-ordinate jurisdiction and power. The statute requires a judge of the superior court to decide a motion for a new trial within a specified time; yet no one would contend that a judge of another circuit had such supervisory power as to compel his action by mandamus. The question was squarely before the Alabama Supreme Court, in State ex rel. Thompson v. Circuit Judge of Mobile, 9 Ala. 338, where it was held that where the statute imposes the duty, not upon the individual, but upon the officer, in the absence of an express statute one circuit judge has not the power to issue a mandamus to another circuit judge.

The incorporation of a town or village is not by the judge sitting as an individual, but by the superior court. Pol. Code, §§ 685-687. A part of this machinery consists of a petition filed in the superior court. The code sections contemplate a vote by the qualified voters of the territory to be included in the proposed town, and a certificate of the result, by the managers of the election, to "the superior court of the county, in case a majority of all the qualified voters residing within such boundary shall vote in favor of such corporation." Then follows section 687, which provides that "upon the filing of such certificate, the superior court shall, by an order, direct the clerk of said court to issue a certificate of the incorporation of such town or village," etc. It seems clear to us that the purpose of the legislature was to confer upon the superior court power and authority to incorporate towns or villages. For the purpose of this argument it is immaterial whether the power was conferred on the court or on the judge thereof as an officer. Certainly it was not conferred upon the individual temporarily filling the judicial office, to act as an individual. The action which the applicants for incorporation desired the judge to take was official, was the performance of an act as judge of the superior court. In our judgment one judge of the

superior court can not issue a mandamus to another judge of the superior court to compel the performance of an official act.

But it may be argued, if the applicants for incorporation are denied this particular remedy, they will be without any, inasmuch as the Supreme Court can not issue a writ of mandamus in a case of this character (*Central R. Co.* v. *Miller*, 91 *Ga.* 83 (16 S. E. 256)), nor review by writ of error the action of the superior court granting or refusing a charter (*Mangham* v. *Mallory*, 128 *Ga.* 430 (57 S. E. 688)). We reply in the language of Mr. Justice Crawford, in *Russell* v. *Cooley*, 69 *Ga.* 218: "The same difficulty would arise, and the citizens would be equally remediless, if the judge were to refuse to hold his courts, refuse to punish persons convicted of crime, or refuse to discharge any other official duty incumbent upon him. The remedy in all such cases lies in impeachment." There may be found some loose obiter dicta among our decisions not entirely harmonious with our conclusion; but we think that no case will be found where the point decided conflicts with what we rule in this case.

*Judgment affirmed. All the Justices concur.*