[No. 1930]

## EDWARD C. JENNETT, RESPONDENT, *v.* THERON STEVENS, APPELLANT.

1. MANDAMUS—TOWNSITES.

 A district judge who acts as trustee of a townsite, under Rev. St. U. S. 2387 (U. S. Comp. St. 1901, p. 1457), acts by virtue of his office as judge, and he is not an inferior officer to his associate judge of the district, and such associate judge cannot by *mandamus* compel the judge acting as such trustee to convey a lot to a purchaser offering to pay $4.50 therefor, while such trustee demands the right, under Comp. Laws, 345, to charge the purchaser $9.50.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers,* Judge.

*Mandamus* by Edward C. Jennett against Theron Stevens, trustee of a townsite. From a judgment for plaintiff, defendant appeals. **Reversed and remanded.**

The facts sufficiently appear in the opinion.

*S. L. Carpenter* and *Detch & Carney,* for Appellant.

*Francis McNulty,* for Respondent.

By the Court, NORCROSS, C. J.:

This is an appeal from a judgment made and entered on the 27th day of August, 1910, in the Seventh Judicial District Court of the State of Nevada, in and for the county of Esmeralda, ordering the issuance of a peremptory writ of *mandamus,* commanding the said appellant herein, Theron Stevens, as trustee of the townsite of Goldfield to issue to the said Edward C. Jennett, respondent herein, a deed to certain lots in the townsite of Goldfield, upon the payment therefor of the sum of $4.50, under and by virtue of the provision of section 7 of an act entitled "An act prescribing the rules and regulations for the execution of the trust arising under the act of Congress entitled 'An act for the relief of the inhabitants of cities and towns upon the public lands,' approved March 2, 1867." (Comp. Laws, 345.)

The *mandamus* proceedings in the lower court were

heard and determined before Peter J. Somers, one of the judges of the said Seventh Judicial District Court.

The said Seventh Judicial District Court has two judges (Stats. 1909, p. 187); the said Peter J. Somers being one, and the said Theron Stevens, appellant herein, being the other. By virtue of his office as such district judge, the said Theron Stevens became the trustee of the said townsite of Goldfield, under the provisions of U. S. Rev. St., sec. 2387, U. S. Comp. St. 1901, p. 1457. (*Lechler* v. *Chapin*, 12 Nev. 65.)

It is contended by the appellant that the judgment and order directing the peremptory writ of *mandamus* is void, for the reason that the court was without jurisdiction to enter the judgment and order in the premises. In this contention we concur.

The trust created by the act of Congress was an official one and was, in no sense, personal to the appellant Theron Stevens. He was trustee of the townsite of Goldfield by virtue of his office as district judge of the Seventh Judicial District. (*Lechler* v. *Chapin, supra*; *Smith* v. *Hill*, 89 Cal. 122, 26 Pac. 644; *Whittlesey* v. *Hoppenyan*, 72 Wis. 140, 39 N. W. 355; *Smith* v. *Pipe*, 3 Colo. 187; *Georgetown* v. *Glaze*, 3 Colo. 230; *Aspen* v. *Rucker*, 10 Colo. 184, 15 Pac. 791; 6 Fed. St. Ann., p. 344.)

As the appellant was trustee of the townsite of Goldfield by virtue of his office as district judge, his associate, Judge Somers, was without power to compel him by *mandamus* to exercise the duties imposed upon him as such trustee in any particular way. (Comp. Laws, 3542; *Shreve* v. *Pendleton*, 129 Ga. 374, 58 S. E. 880; *Elliott* v. *Hipp*, 68 S. E. 736; *State* v. *Circuit Judge*, 9 Ala. 343; 23 Cyc. 541.)

The appellant as trustee of the townsite of Goldfield, by virtue of his office as district judge, is not an inferior officer who may be compelled to perform a duty enjoined upon him by law by proceedings in *mandamus* instituted in a district court.

The Supreme Court of Georgia, in the recent case of *Shreve* v. *Pendleton, Judge, supra,* said: "We think an

insurmountable obstacle confronts the plaintiffs, before the merits of their case can be considered. It involves a question of such grave concern that it is well that it should be settled before any serious complication may arise from one judge invading the jurisdiction of another judge of coordinate power, and compelling him by *mandamus* to do an act which, though not strictly judicial in character, appertains to and is devolved upon the judicial office. If one judge of the superior court is without jurisdiction to issue the writ of *mandamus* against another judge of the superior court, to compel the performance of an act appertaining to the latter's judicial office, this court will not reverse the judgment refusing the writ. (*Harris* v. *Sheffield*, 128 Ga. 299, 57 S. E. 305.)   *   *   *   The very etymology of the word '*mandamus*'—we command—implies superior power; the power of a superior authority to compel an official or inferior judicature to act. The same reason which prohibits an inferior court from controlling the conduct of a superior tribunal applies just as cogently to the effort of one judge to compel the action of another judge of coordinate jurisdiction and power. The statute requires a judge of the superior court to decide a motion for a new trial within a specified time; yet no one would contend that a judge of another circuit had such supervisory power as to compel his action by *mandamus*. The question was squarely before the Alabama Supreme Court in *State ex rel. Thompson* v. *Circuit Judge of Mobile*, 9 Ala. 338, where it was held that where the statute imposes the duty, not upon the individual, but upon the officer, in the absence of an express statute, one circuit judge has not the power to issue a *mandamus* to another circuit judge."

In *Elliott* v. *Hipp, supra,* the same court said: "The provisions in reference to the appointment of county registrars are contained in Pol. Code, pars. 50, 51. Section 50 requires that the judge of the superior court of each county shall biennially appoint three upright and intelligent citizens of the county as county registrars, and that he shall have the power, with or without cause, to remove

any registrar and appoint a successor. Section 51 makes it the duty of the judge not to appoint all the registrars from any one political interest or party, but to so regulate his appointments and removals as to maintain a bipartisan board. Clearly the duties defined in these sections relate to acts to be performed by the judge of the superior court in his capacity as such judge, and therefore are official functions pertaining to that office. The writ of *mandamus* implies that the authority issuing it is possessed of power to enforce obedience to its mandate. One superior court judge in this state has no more power than another, and no one of them has power to compel another to perform an official act. (*Shreve* v. *Pendleton*, 129 Ga. 374, 58 S. E. 880.)"

The question sought to be determined by the *mandamus* proceedings in the lower court was the amount which the trustee had a right to charge the lot claimant under the provisions of Comp. Laws, 345, *supra*. The appellant, trustee, determined that, under the provisions of said section, the respondent was required to pay for his lot the sum of $9.50 and refused to issue a deed upon being tendered the sum of $4.50. The lot claimant upon proceedings in *mandamus* before the district court, the trustee's colleague on the district bench, presiding, obtained a decision holding that the sum of $4.50 was the maximum charge which the trustee could make in the premises, and ordered that a writ of *mandamus* issue accordingly. To permit the writ to issue in this case is to compel one district judge, in the exercise of a judicial duty, to be governed by the views of another district judge as to the construction of a statute, contrary to his own opinion of what that construction should be, a situation contrary to the principle of the law of *mandamus*, which presupposes a superior authority to command the doing of a particular act enjoined by law.

The lower court being without jurisdiction, its judgment is void.

Judgment reversed and cause remanded, with directions to dismiss the proceedings.