29534. BELL *et al. v.* BELL.

DECIDED APRIL 25, 1942. REHEARING DENIED MAY 20, 1942.

*Ossie N. Singleton, Jackson L. Barwick, Cecil V. Whiddon,* for plaintiffs.

*John A. Boykin, solicitor-general, E. A. Stephens, William E. Spence, Durwood T. Pye,* for defendant.

GARDNER, J. (after stating the facts). Several questions are presented by the bill of exceptions and argued here, but we think one is controlling and disposes of the case without considering the others. That question is whether the record as detailed above presents a justiciable question. It is our opinion that it does not. Conceding for the purpose of determination of the issue now before us, but not deciding it, that a judge of the superior court had the authority, on October 15, 1940, to incorporate a municipality as set forth under the act of 1874, as contended by the plaintiffs in error, this court is without authority to review an order of incorporation passed pursuant to the authority conferred by such legislative act. In *Mangham* v. *Mallory,* 128 *Ga.* 430 (57 S. E. 688), that court held: "There is no provision in the law which authorizes any one to appear and object to the granting of the order directing the clerk of the superior court to issue the certificate of incorporation as provided in the Political Code, § 687, which provides for the granting of an order by the superior court directing the clerk of said court to issue a certificate of incorporation of a town or village; nor is there any provision for the review by this court, by writ of error or otherwise, of the action of that court in granting the order. This being so, the motion to dismiss the writ of error in this case must prevail." The *Mangham* case was cited approvingly in *Shreve* v. *Pendleton,* 129 *Ga.* 374, 377 (58 S. E. 880, 12 Ann. Cas. 563). Plaintiffs in error cite the *Shreve* case as favorable to their contentions. Upon a careful reading of the *Shreve* case we find that it is authority contrary to the contentions of plaintiffs in error and is in accordance with the rulings announced in the *Mangham* case. In this connection we call attention to *In Re Union Club,* 142 *Ga.* 261 (82 S. E. 643). In the last-cited case the court, dealing with corporations other than municipal corporations, cited approvingly *Mangham* v. *Mallory* and *Shreve* v. *Pendleton,* supra.

We are not unmindful that the proceeding before us deals with the order of December 13, 1940, which at a subsequent term of court and by the court's own motion, ex parte and without notice, purported to nullify the order of October 15, 1940, which purported to create a municipal corporation, and we are not unmindful that this is the gravamen of the argument of the plaintiffs in error on the particular question before us. Be it so, the whole proceeding

from its inception throughout was dealing with the same subject matter over which this court is without authority of review.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*