## 27275.  BASS v. AULT.

MOBLEY, Chief Justice. This is an appeal from a judgment in a habeas corpus proceeding remanding the prisoner to custody without a hearing. The appeal is from this judgment and the sole enumeration of error contends that the dismissal of petitioner's petition without a hearing was error.

The judgment appealed from states in part: "It appears to this court that upon reading the petition and the exhibits attached thereto, which included a unanimous decision by our Georgia Court of Appeals, that the petitioner was adequately represented by counsel and no reason is stated in the petition to show why or wherein the petitioner's counsel was incompetent . . ."

Attached as an exhibit to the petition was a copy of the opinion of the Court of Appeals wherein the petitioner's conviction was reviewed and affirmed, as well as a copy of a notification that a motion for rehearing in such case was denied, which notification shows the defendant to have been represented by named counsel. The reported opinion of the Court of Appeals is *Bass v. State,* 123 Ga. App. 705 (182 SE2d 322). A review of the opinion of the Court of Appeals attached as an exhibit to the petition discloses that each ground other than inadequate representation by counsel was raised upon the original appeal and passed upon by the Court of Appeals adversely to the petitioner. This same opinion of the Court of Appeals discloses that the representation of petitioner was not such that could be held to have been only perfunctory, in bad faith, a sham, a pretense, or without adequate preparation so as to be a farce or a mockery of justice or shocking to the conscience. See *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346).

While generally a petitioner in a habeas corpus proceeding is entitled to a hearing as to the questions raised by such petition, yet where the petition and exhibits attached thereto disclose without contradiction that the petition is

without merit, it is not error to dismiss the same without a hearing.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 13, 1972—DECIDED JUNE 28, 1972.

Walter Bass, *pro se.*
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.