## 37091. MITCHELL v. FORRESTER.

CLARKE, Justice.

Petitioner filed a petition for writ of habeas corpus in the Superior Court of Hall County. The habeas court found that none of the allegations of the petition were supported by a record, an affidavit or other evidence as required by Code Ann. § 50-127 (2). There was no record presented of the hearing on his motion for new trial. Further, the habeas court found that there was no explanation for petitioner's failure to make a timely appeal. Therefore, the habeas court found the petition defective on its face and denied and dismissed the petition.

We have granted petitioner's application to appeal the denial and dismissal of his petition in order to reconcile apparently conflicting cases of this court concerning the pleading requirements

for habeas corpus petitions.

The Habeas Corpus Act of 1967 (Ga. Laws 1967, p. 835) amended Code Title 50 to provide a new exclusive procedure for suing out a writ of habeas corpus. Section 3 amended Code Ann. § 50-127 to prescribe specific procedural rules for pleading and service of the petition, hearing and disposition in the trial court, and subsequent applications and appeals.

The Georgia Civil Practice Act (CPA) was enacted in 1966 "... to exhaustively revise, supersede, and modernize pretrial, trial and certain posttrial procedures in civil cases...." (Ga. Laws 1966, p. 609). The original applicability section of the CPA, Section 81 (Code Ann. § 81A-181), specifically excluded the rules of practice and procedure of Ga. Code Title 50 (habeas corpus) from application of the CPA. (Ga. Laws 1966, p. 668-69). In 1967, the CPA was amended to apply "... to all special statutory proceedings except to the extent that such special statutory proceedings prescribe specific rules of practice and procedure in conflict herewith." (Ga. Laws 1967, p. 242). Finally, in 1968 the CPA was amended to provide that even in the event of a conflict with a specific rule the provisions of the CPA dealing with sufficiency of pleadings and defenses (as well as certain other procedural matters) shall apply. (Ga. Laws 1968, p. 1109.) The amendment contains a general repealer. (Ga. Laws 1968, p. 1110.)

This court has held that the CPA now applies to habeas corpus applications. *Johnson v. Caldwell,* 229 Ga. 548 (192 SE2d 900) (1972). We found that the legislature in enacting the 1968 amendment to § 81 of the CPA intended "... to repeal pro tanto the provisions of § 3 of the Habeas Corpus Act of 1967 insofar as it prescribed any different rules governing the sufficiency of pleadings, amendments, and what evidence would be admissible in support of a claim of illegal imprisonment, and intended that thereafter the Civil Practice Act should apply." Id. at 552. Because the writ of habeas corpus is a writ of right which ought not be circumscribed by technical rules of pleading and procedure, the notice pleading prescribed by the CPA is appropriate. This is particularly true where the petitioner appears pro se and an inflexible adherence to the technicalities of Code Ann. § 50-127 would work a great hardship on him.

We have held that a petition should not be dismissed for failure to comply with the technical requirements of Code § 50-127. *Proctor v. Ault,* 230 Ga. 669 (198 SE2d 671) (1973). Only when the habeas court is able to determine from the face of the petition that it is without merit is it appropriate to dismiss the petition without a hearing. *Marshall v. Hutson,* 245 Ga. 849 (268 SE2d 338) (1980); *Bass v. Ault,* 229 Ga. 309 (191 SE2d 73) (1972). To the extent that *Baker v. Tanner,* 231 Ga. 723 (204 SE2d 136) (1974), would require strict

compliance with Code Ann. § 50-127 rather than the CPA, it is expressly overruled.

*The judgment of the Superior Court of Hall County dismissing petitioner's petition is hereby reversed and the matter remanded for further proceedings in compliance with this opinion. All the Justices concur, except Undercofler, J., who concurs specially.*

DECIDED MAY 26, 1981.

Willie L. Mitchell, *pro se.*

Arthur K. Bolton, Attorney General, Kenyon, Hulsey & Oliver, Julius M. Hulsey, Daryl T. Le Fevre, for appellee.

UNDERCOFLER, Justice, concurring specially.

The difference between *Johnson v. Caldwell,* supra, and *Baker v. Tanner,* supra, is not readily apparent. In *Johnson* the original habeas corpus petition was sufficient. In *Baker* it was not. To dispose of post conviction reviews expeditiously, I agree the distinction should no longer be observed.