## 39842. ROGERS v. THE STATE.

WELTNER, Justice.

James Harold Rogers was tried along with Ronnie Deyton Mooneyham for the murder of Douglas McArthur Archer. Mooneyham was convicted of murder and sentenced to life imprisonment. Rogers was convicted of voluntary manslaughter and sentenced to 20 years in prison. The circumstances of the homicide are set forth in full in *Mooneyham v. State,* 251 Ga. 404 (306 SE2d 272) (1983), and need not be repeated here.

Rogers presents four enumerations of error. The first, second, and fourth deal with the trial court's rulings upon motions testing the sufficiency of the evidence. The third enumeration contends that the trial court erred in charging the jury as to the law of parties to a crime.

1. There are as many versions of what happened immediately before and after the death of Archer as there were witnesses to the events. That is not surprising, as the entire transaction might accurately be described as a shoot-out over a drug deal. The court charged the jury fully and correctly concerning the law relative to mutual combat, as a specie of voluntary manslaughter under OCGA §

16-5-2 (Code Ann. § 26-1102), and the evidence was sufficient to authorize a rational trier of fact to find Rogers guilty of voluntary manslaughter arising out of mutual combat beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Powell v. State,* 143 Ga. App. 684 (239 SE2d 560) (1977); *Columbus v. State,* 151 Ga. App. 862 (261 SE2d 771) (1979).

2. The court did not err in charging the substance of OCGA § 16-2-20 (Code Ann. § 26-801), as the evidence would support a finding that Mooneyham fired the fatal shot, and that Rogers aided or abetted in the commission of the crime of murder, or intentionally advised, encouraged, hired, counseled, or procured another to commit the crime. The fact that the jury found Rogers guilty of a lesser included offense cannot serve to make error of a charge which was correctly adjusted to the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983.

*Richard L. Powell, Thomas C. Sanders,* for appellant.
*William A. Foster III, District Attorney, Michael J. Bowers, Attorney General,* for appellee.