## 43707. PARKER v. MOONEYHAM.
(349 SE2d 182)

GREGORY, Justice.

Ronnie Deyton Mooneyham was convicted of the murder of Douglas McArthur Archer. Mooneyham's co-defendant, Harold Rogers, with whom he was jointly tried, was found guilty of the voluntary manslaughter of Archer. The evidence at trial showed that Archer was killed by a single bullet, but was in conflict as to whether Mooneyham or Rogers fired the fatal shot. On direct appeal this court found the evidence supporting each verdict sufficient to meet the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and affirmed both convictions. See *Mooneyham v. State,* 251 Ga. 404 (306 SE2d 272) (1983), and *Rogers v. State,* 251 Ga. 408 (306 SE2d 652) (1983).

Mooneyham subsequently filed a petition for habeas corpus in Bibb Superior Court contesting, inter alia,[1] the ineffectiveness of his trial counsel for failing to object to the alleged inconsistency of the verdicts. The habeas court found that the verdicts were inconsistent, and agreed with Mooneyham that his trial counsel had been ineffective in failing to object to them. The habeas court granted Mooneyham's petition for habeas corpus and ordered the trial court to resentence Mooneyham for the crime of voluntary manslaughter. The State appeals.

Without deciding whether the habeas court correctly concluded that the verdicts in this case are inconsistent, we note that in *Milam v. State,* 255 Ga. 560 (341 SE2d 216) (1986), this court, for the reasons expressed in *United States v. Powell,* 469 U. S. ___ (105 SC 471, 83 LE2d 461) (1984), abolished the rule which had previously governed inconsistent verdicts in this state.[2]

*Powell,* supra, and *Dunn v. United States,* 284 U. S. 390 (52 SC 189, 76 LE 356) (1932), stand for the proposition that a defendant convicted by the jury on one count of an indictment may not attack

---

[1] The habeas court denied relief as to every other ground raised by Mooneyham. This court denied Mooneyham's application to appeal. See *Mooneyham v. Parker,* #3693, decided September 19, 1986.

[2] The determinative factor in judging, under the former rule, whether verdicts were inconsistent was whether " 'the acquittal of one charge necessarily include[d] a finding against a fact that [was] essential to conviction for the other charge.' " *Hines v. State,* 254 Ga. 386, 387 (329 SE2d 479) (1985). Where there was "irreconcilable conflict" in the verdicts, a reversal was required. Id.

the conviction on the ground that the verdict is inconsistent with a verdict of acquittal on another count. These cases recognize "the unreviewable power of a jury to return a verdict of not guilty for impermissible reasons." *Harris v. Rivera*, 454 U. S. 339, 346 (102 SC 460, 70 LE2d 530) (1981); *Powell*, supra, 105 SC at 476. Thus, the defendant is not granted relief from an inconsistent verdict in these circumstances because " '[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' " *Dunn*, supra, 284 U. S. at 393. See also *Register v. State*, 10 Ga. App. 623 (74 SE 429) (1911).

Where inconsistent verdicts are returned, it is clear that either the jury has erroneously failed to follow the instructions of the trial court, or that the jury has exercised leniency in favor of the defendant. But as noted in *Powell*, in this circumstance it is not clear who profits or loses. The State may not appeal a verdict of acquittal. Likewise, it would be "unworkable [to adopt] a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Powell*, 105 SC at 478. The defendant will be protected by the appellate court's review of the evidence supporting his conviction, independent of the jury's determination that there was insufficient evidence to support another count under the indictment. Id.

We hold that these principles are equally applicable to a situation where the jury returns inconsistent verdicts against co-defendants. Therefore, Mooneyham may not challenge the verdicts below on the ground that the jury, whether through error or lenity, chose to convict his co-defendant of a lesser offense. The verdict as to Rogers, whether or not correct under the evidence presented at trial, in no way demonstrates that the jury was not convinced of Mooneyham's guilt of the offense of murder. On direct appeal this court found the evidence sufficient to support Mooneyham's conviction of murder independent of Rogers's conviction of voluntary manslaughter. *Mooneyham v. State*, 251 Ga. at 407. Therefore, even assuming the habeas court was correct in finding that the verdicts in this case are inconsistent, it erred in holding that the failure of trial counsel to object to them constituted ineffective assistance of counsel.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 22, 1986.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellant.

Ronnie D. Mooneyham, *pro se.*