## S94A1934. LUCAS v. THE STATE.
(452 SE2d 110)

SEARS, Justice.

The appellant, Christopher Lucas, was tried jointly with James Smith for the murder of Lucas's son-in-law, Randy Kicklighter. The jury convicted Lucas of murder, but acquitted Smith. Lucas received a sentence of life in prison, and he has now filed this appeal.[1] We affirm.

1. On June 2, 1987, Kicklighter was found dead outside his trailer home with a shotgun wound to the head. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to support the conviction, as it would have authorized a rational trier of fact to find beyond a reasonable doubt that Lucas had a longstanding dislike of his son-in-law and paid James Smith to kill Kicklighter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Moreover, in this regard, there was ample evidence to corroborate the testimony of John Gaudinier, an unindicted accomplice, who testified against Lucas and Smith. See *Harrison v. State*, 259 Ga. 486, 488 (1) (384 SE2d 643) (1989); *Zuber v. State*, 248 Ga. 314, 316 (3) (282 SE2d 900) (1981).

2. We find no merit to Lucas's third and fourth enumerations of error, in which Lucas contends, respectively, that the trial court erred by permitting a witness to testify to an out-of-court statement that Smith made to him, and that the jury's acquittal of Smith mandates the reversal of his conviction. With regard to the latter contention, we have abolished the rule that required reversal in cases of inconsistent verdicts. *Milam v. State*, 255 Ga. 560 (341 SE2d 216) (1986). Although *Milam* involved one defendant and inconsistent verdicts on different counts of the same indictment, we have held that the principles leading to our decision in *Milam* "are equally applicable to a situation where the jury returns inconsistent verdicts against co-defendants." *Parker v. Mooneyham*, 256 Ga. 334, 335 (349 SE2d 182) (1986). For this reason, Lucas may not attack his conviction on the ground that the jury chose to acquit his co-defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 1995.

---

[1] The crime occurred on November 2, 1987. Lucas was indicted on December 16, 1992. Lucas was found guilty on October 27, 1993, and sentenced to life in prison. The court reporter certified the transcript on November 14, 1993. Lucas filed a motion for new trial on November 24, 1993, which the court denied on July 6, 1994. Lucas filed his notice of appeal on July 20, 1994. The appeal was docketed in this Court on September 13, 1994, and was orally argued on November 15, 1994.

*Bruce S. Harvey,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.