## S96A0852. DUMAS v. THE STATE.
(471 SE2d 508)

SEARS, Justice.

Appellant Jack Jerome Dumas appeals from his convictions for malice murder and driving under the influence of alcohol.[1] We find that when the jury returned with the mutually exclusive verdicts of guilty as to charges of malice murder and vehicular homicide, the trial court did not err by refusing to accept the verdicts and instructing the jury to continue its deliberations. Therefore, we affirm.

The evidence introduced at trial shows that on the day of the murder, Dumas consumed approximately twelve beers and a half gallon of gin, and spent part of the day at a local tavern with Ms. McMichael. Dumas and Ms. McMichael eventually left the tavern and went to a local cemetery, where they engaged in sexual relations. Dumas later appeared at his mother-in-law's house, his clothes bloodied. The following day, Ms. McMichael's partially naked body was found in the cemetery, bloodied, lacerated, and bruised, with some of her teeth knocked out and one of her feet nearly severed at the ankle. Ms. McMichael's death was later determined to have been caused by a crush-

---

[1] The killing occurred on February 25, 1995. Dumas was indicted on June 9, 1995 on charges of malice murder, felony murder, vehicular homicide, and driving under the influence, and the trial was held on August 22, 1995. At the conclusion of the trial, Dumas was sentenced by the trial court to life imprisonment for malice murder, with 12 months to run concurrently for driving under the influence. Dumas filed a motion for a new trial on September 9, 1995, and the transcript was certified by the court reporter on November 1, 1995. The motion for new trial was denied on January 3, 1996, and the notice of appeal was filed on January 18, 1996. This appeal was docketed in this Court on February 20, 1996, and submitted for decision without oral argument on April 15, 1996.

ing and compressing application of force across her abdomen, as indicated by a 12-inch bruise across her midsection.

Dumas told an officer investigating the killing that he had passed out at the cemetery from drinking, and that upon awakening, saw Ms. McMichael lying on the ground outside of the car. Fearing that Ms. McMichael was dead, Dumas told the investigator that he panicked and fled the cemetery, and in so doing ran over Ms. McMichael with his car. When he looked back, Dumas said that he could see tire marks across Ms. McMichael's body. At trial, Dumas testified that after going to the cemetery, he had lost track of Ms. McMichael, and that when leaving the cemetery, he drove over something like a speed bump, but that he never saw Ms. McMichael's body on the ground. An examination of Dumas's car revealed that two of its doors were dented, its windshield was cracked, and its underside was damaged. Tire impressions taken from the cemetery indicated that Dumas's car had been driven across much of the cemetery.

1. Although not enumerated as error by Dumas, the evidence at trial, construed most favorably to the verdict, was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Dumas was guilty of malice murder and driving under the influence.[2]

2. Dumas was charged with malice murder, felony murder, vehicular homicide, and driving under the influence. The jury received a proper charge as to all counts. During deliberations, the jury asked for and received a proper recharge on malice. The jury then returned verdicts finding Dumas guilty of malice murder, vehicular homicide, and driving under the influence, and not guilty of felony murder. The court told the jury that it had rendered inconsistent guilty verdicts on the malice murder and vehicular homicide charges, and sent the jury back for further deliberation, over Dumas's objection. The jury then returned verdicts of guilty of malice murder and driving under the influence, and not guilty of felony murder and vehicular homicide.

Dumas argues on appeal that the trial court erred in refusing to accept the first verdicts returned by the jury — guilty on charges of malice murder, vehicular homicide, and driving under the influence — because Georgia has abolished the rule requiring that verdicts be consistent. Because the trial court was obligated to accept the first verdicts rendered, and because the essential elements of malice murder and vehicular homicide cannot be reconciled, Dumas argues that the trial court was authorized to convict him only of the lesser of the two offenses — vehicular homicide. In response, the State acknowledges that Georgia has abolished the inconsistent verdicts rule, but argues that each count of the indictment must be viewed separately;

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

hence, even if the court had accepted the verdicts as first rendered, the State urges that the court would not have been authorized to find Dumas guilty only of the lesser offense.

Both Dumas and the State have overlooked the dispositive issue in this appeal. It is true that in *Milam v. State*,[3] this Court rejected the inconsistent verdict rule in criminal cases. *Milam* involved a criminal defendant charged with two murders committed at the same time. The jury returned a verdict of not guilty by reason of insanity as to one murder, and guilty but mentally ill as to the other murder. This Court affirmed, ruling that there was no error inherent in the inconsistency between the conviction and acquittal. The *Milam* ruling stands for the proposition that a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count.[4] Likewise, virtually all other Georgia cases affirming Georgia's abolition of the inconsistent verdict rule involve jury verdicts of guilty and not guilty that are alleged to be inconsistent.[5] These cases are in accordance with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts.[6]

However, this appeal presents an entirely different scenario, because it involves two verdicts of *guilty* that not only were inconsistent, but also were *mutually exclusive*. The Court of Appeals in *Thomas v. State*, recently stated:

"The general rule dispensing with the necessity for consistency as between acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other."[7]

In *Thomas*, the defendant was found guilty of both armed robbery of a car and theft by receiving the stolen car. The Court of Appeals relied upon precedent in concluding that an essential element of theft by receiving is that the goods be stolen by someone other than the accused.[8] Hence, the two convictions in *Thomas* were mutually

---

[3] 255 Ga. 560, 562 (341 SE2d 216) (1986).

[4] See, e.g., Daniel, Georgia Criminal Trial Practice, § 25-5 (1991 ed.).

[5] E.g., *Smashum v. State*, 261 Ga. 248 (403 SE2d 797) (1991); see *Parker v. Mooneyhan*, 256 Ga. 334 (349 SE2d 182) (1986) (addressing inconsistent verdicts as to co-defendants); *Lucas v. State*, 264 Ga. 840 (452 SE2d 110) (1995) (same).

[6] *Smashum*, 261 Ga. at 249.

[7] *Thomas v. State*, 199 Ga. App. 586, 587 (405 SE2d 512) (1991), quoting 18 ALR3d 259, 283. See note 10 infra, and accompanying text.

[8] Id., 199 Ga. App. at 586.

exclusive. However, because there was evidence to convict on the greater charge of armed robbery, the Court of Appeals simply vacated the lesser conviction for theft by receiving.[9]

This Court unanimously reversed, and ruled that where there are mutually exclusive convictions, it is insufficient for an appellate court merely to set aside the lesser verdict, because to do so is to speculate about what the jury might have done if properly instructed, and to usurp the functions of both the jury and trial court.[10] Because it was both legally and logically impossible to convict Thomas of both counts, a new trial was ordered.

The two convictions involved in this appeal, for malice murder and vehicular homicide, like the ones in *Thomas*, are mutually exclusive. Malice murder is defined as the killing of another "with malice aforethought, either express or implied."[11] Vehicular homicide is defined as killing another while operating a car, "without malice aforethought" and "without an intention to do so."[12] Hence, in its first verdict, the jury in this case convicted Dumas of killing with malice aforethought *and* without malice aforethought; of killing both with and without an intention to do so. Obviously, the two verdicts were mutually exclusive, and under both the case law and the legal commentaries discussed above, the trial court was absolutely correct when it refused to accept the verdicts and sent the jury back to continue its deliberations.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 1996.

*Word & Mitchell, Gerald P. Word*, for appellant.
*T. Joseph Campbell, District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General*, for appellee.

---

[9] Id., 199 Ga. App. at 587.
[10] *Thomas v. State*, 261 Ga. 854 (413 SE2d 196) (1992).
[11] OCGA § 16-5-1 (a).
[12] OCGA § 40-6-393 (a), (b).