## S99A1552. PACZKO v. THE STATE.
(523 SE2d 16)

HUNSTEIN, Justice.

Robert Paczko was charged in the stabbing deaths of his mother Mary Paczko and his older brother James Paczko.[1] He appeals from the denial of his motion for a new trial. Finding no error, we affirm.

1. The jury was authorized to conclude that appellant had been smoking crack cocaine the day of the murders and had traded his girl friend's car for crack. After going to his mother's home and watching television with the victims, appellant confronted his brother about sexually abusing him some years earlier. A fight ensued in which appellant, using a variety of kitchen and household instruments,

---

[1] The crimes occurred on November 2, 1997. After Paczko's original indictment was nol prossed, he was reindicted July 22, 1998 in Chatham County. He was found guilty on August 14, 1998 and was sentenced by order filed August 18, 1998. His motion for new trial, filed August 21, 1998 and amended June 14, 1999, was denied June 25, 1999. A notice of appeal was filed July 2, 1999. The appeal was docketed July 20, 1999 and was submitted for decision on the briefs.

repeatedly stabbed and pummeled the victims to death. Appellant then rummaged through the house, changed his bloodied clothing, and placed the bloodied weapons, along with his clothing and items belonging to the victims, including a wallet and an empty envelope in which his mother had carried cash, into a bag which he discarded in a ditch. Appellant took Ms. Paczko's car, which he drove to the crack dealer and exchanged for his girl friend's car. The victims' bodies were found the following evening by appellant's siblings. A couple walking their dog discovered the discarded bag and notified police. Appellant, who had received numerous injuries in the fight, told police the cuts on his hands came from assembling a home gym set and from fighting a drug dealer. Once the discarded bag was found, police questioned appellant and he confessed. This confession, along with two other statements detailing the crimes, was videotaped and the tapes were played for the jury.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his convictions must be set aside because the jury returned a mutually exclusive verdict. The record reveals that appellant was charged with two counts of murder and two counts of possession of a knife during the commission of the murders (Counts 1-4) and two counts of felony murder (based on aggravated assault) and two counts of possession of a knife during commission of the felony murders (Counts 5-8). The jury returned a verdict which showed "no agreement" on Counts 1-4 and guilty on Counts 5-8.[2] Since a jury's inability to agree on a verdict is not itself a verdict, *Romine v. State*, 256 Ga. 521 (1) (b) (350 SE2d 446) (1986), this case does not involve mutually exclusive verdicts, compare *Dumas v. State*, 266 Ga. 797 (2) (471 SE2d 508) (1996), but at best involves inconsistent verdicts. See *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). This Court having abolished the inconsistent verdict rule in criminal cases, id., this enumeration is without merit.

3. We decline appellant's request to change the established law in Georgia regarding the modified merger rule. See *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992).

4. We find no error in the admission of prior difficulties between

---

[2] Appellant was also charged with two counts of armed robbery arising out of the taking of currency and a car from Mary Paczko and two counts of possession of a knife during the commission of the armed robberies. The jury's verdict showed "no agreement" on the two counts arising out of the taking of the currency and guilty on the two counts arising out of the taking of the car. Appellant received three life sentences for the two felony murder and armed robbery convictions and received five year sentences for each of the three convictions for possession of a knife during the commission of a felony.

the parties, specifically, that the victims' denials of appellant's requests for money had led to strained relations between them. *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.