I concur in the majority's affirmance of Dorsey's felony-murder convictions as to Richard Cary and Scott Williams. I respectfully dissent from the majority's decision to reverse Dorsey's conviction for the capital murder of Timothy Bryan Crane because "Dorsey's conviction under count 1 for the lesser offense of felony murder as to Crane precluded any further consideration of his intent by the jury, and necessarily acquitted him of the capital-murder charge in count 3 of the indictment."
Initially, I note the facts surrounding the murder of 13-year-old Crane. The trial court's sentencing order yields the following:
Dorsey entered the store first, followed by his accomplice Calvin Middleton. Three people were in the store. "The small boy, Timothy Bryan Crane, was leaning on the counter at the front of the store near the door." Middleton shot one of the men, Cary, then ran out of the store to the car. Middleton heard two shots, and he saw Dorsey leave the store. Dorsey got in the car; he was carrying a pistol. Middleton testified that "Dorsey admitted to shooting the man in the store, Williams, and the boy, Crane, because the boy started to run." Crane died of a gunshot wound to the head. The bullet entered the back of his head and exited through his forehead. An expert witness opined that the distance from the barrel of the gun to Crane's head was one foot or less.
In Carter v. State, 843 So.2d 812, 814 (Ala. 2002), this Court stated: "`[T]he general rule is that there need be no rational compatibility or consistency between the verdicts on the several counts of an indictment. The exception to this rule is where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.' Grikis v. State,552 So.2d 187, 187 (Ala.Crim.App. 1989)."
When the jury returned its initial verdicts, the verdict as to count 1 was incomplete; however, the jury returned a complete verdict on count 3, finding Dorsey guilty of the capital murder of Crane. After reinstruction and additional deliberation, the jury returned a complete verdict as to count 1, finding Dorsey guilty of the felony murder of Crane. The verdicts returned under count 1 and count 3 as to the murder of Crane were mutually exclusive. The trial court then reconciled the mutually exclusive verdicts by asking the jury to clarify whether it had found that Dorsey had specific intent to kill Crane. Today, the majority holds that when the trial court receives mutually exclusive verdicts in a multicount indictment, the trial court is required to accept the verdict returned for the lesser crime and reject the verdict returned for the greater crime. I disagree.
Confronting a similar situation, the Georgia Supreme Court aptly stated:
 "[T]his appeal . . . involves two verdicts of guilty that not only were inconsistent, but also were mutually exclusive. The Court of Appeals in Thomas v. The State, [199 Ga.App. 586, 587, 405 S.E.2d 512, 514 (1991),] recently stated:
 "`The general rule dispensing with the necessity for consistency as between acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.'
 "In Thomas, the defendant was found guilty of both armed robbery of a car and theft by receiving the stolen car. The Court of Appeals relied upon precedent in concluding that an essential element *Page 541 
of theft by receiving is that the goods be stolen by someone other than the accused. Hence, the two convictions in Thomas were mutually exclusive. However, because there was evidence to convict on the greater charge of armed robbery, the Court of Appeals simply vacated the lesser conviction for theft by receiving.
 "This Court unanimously reversed, and ruled that where there are mutually exclusive convictions, it is insufficient for an appellate court merely to set aside the lesser verdict, because to do so is to speculate about what the jury might have done if properly instructed, and to usurp the functions of both the jury and trial court. [Thomas v. State, 261 Ga. 854, 413 S.E.2d 196 (1992).] Because it was both legally and logically impossible to convict Thomas of both counts, a new trial was ordered.
 "The two convictions involved in this appeal, for malice murder and vehicular homicide, like the ones in Thomas, are mutually exclusive. Malice murder is defined as the killing of another `with malice aforethought, either express or implied.' Vehicular homicide is defined as killing another while operating a car, `without malice aforethought' and `without an intention to do so.' Hence, in its first verdict, the jury in this case convicted Dumas of killing with malice aforethought and without malice aforethought; of killing both with and without an intention to do so. Obviously, the two verdicts were mutually exclusive, and under both the case law and the legal commentaries discussed above, the trial court was absolutely correct when it refused to accept the verdicts and sent the jury back to continue its deliberations."
Dumas v. State, 266 Ga. 797, 799-800, 471 S.E.2d 508, 510-11
(1996) (footnotes omitted). See also People v. Becker,315 Ill.App.3d 980, 248 Ill.Dec. 696, 734 N.E.2d 987 (2000), and the cases cited therein.
Here, the trial court, like the trial court in Dumas, after acquiring complete verdicts as to count 1 of the indictment recognized that the verdicts in counts 1 and 3 regarding the murder of Crane were mutually exclusive verdicts, which the jury had a duty to reconcile. The trial court then asked the jury a specific question to determine Dorsey's intent to kill Crane. The jury unequivocally indicated that Dorsey had the requisite intent to kill Crane; therefore, Dorsey's capital-murder conviction should not be reversed.
Finally, I note that the confusion in this case could have been avoided if all the possible verdicts for count 1 had been on a single piece of paper, all the possible verdicts for count 2 had been on a single piece of paper, and all the possible verdicts for count 3 had been on a single piece of paper. While the jury may not have initially returned consistent verdicts as to each count, the verdicts for each count would have been complete.
SEE, J., concurs.