## S03A0741. RICKETT v. THE STATE.
(581 SE2d 32)

CARLEY, Justice.

In 1986, James Albert Rickett pled guilty in Ware County to a charge of trafficking in cocaine, and the trial court imposed a 25-year sentence. In 1998, a federal court in Florida sentenced him to a 180-month prison term for various drug offenses. In 2001, he filed an unverified pro se habeas corpus petition in Ware County attacking his 1986 guilty plea, even though he was being held in a Florida correctional institution on the federal drug charges. Although the State filed an answer asserting that Rickett's claim lacked merit, the habeas court never set a hearing. In 2002, Rickett sought mandamus to compel that court to conduct a hearing and to issue a ruling on his petition. Acting sua sponte, the trial court denied mandamus relief, noting that a hearing would be held in the habeas proceeding when Rickett is present in Georgia. He applied for discretionary appeal from that ruling, and we granted the application.

---

1. The State contends that Rickett does not have a valid mandamus claim, because one judge of the Superior Court of Ware County cannot compel another judge of that court to perform an official duty. There is authority for that proposition. *Hamby v. Pope*, 229 Ga. 339 (191 SE2d 53) (1972); *Shreve v. Pendleton*, 129 Ga. 374 (58 SE 880) (1907). However, the viability of those cases ended with *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983), wherein we held that it is permissible for one superior court judge to hear and determine a mandamus claim brought against another judge of that court. Accordingly, mandamus is an available remedy in this case.

2. Rickett contends that the trial court erred because the Superior Court of Ware County has jurisdiction over the habeas proceeding notwithstanding the fact that he is incarcerated in Florida. *Craig v. State*, 234 Ga. 398 (216 SE2d 296) (1975). However, the jurisdiction of the habeas court has never been questioned. The mandamus petition asserted a right to a hearing on the habeas claim, and the trial court refused to hold a hearing because of Rickett's current imprisonment in Florida. Thus, the dispositive issue is his procedural right to a hearing in the Georgia habeas court, not the underlying power of that court to conduct a hearing and to dispose of his claim.

OCGA § 9-14-47 provides that the habeas "court *shall* set the case for a hearing on the issues within a reasonable time after the filing of defensive pleadings." (Emphasis supplied.) " 'In its ordinary signification "shall" is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.' [Cit.]" *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998). The obligation to schedule a hearing imposed on the habeas court by OCGA § 9-14-47 is mandatory unless it "is able to determine from the face of the petition that it is without merit. . . . [Cits.]" *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981). The statutory requirement for a hearing on Rickett's habeas claim has not been obviated by the habeas court's determination that his petition is meritless on its face.

The State nevertheless contends that the habeas court does not have an obligation to set a hearing which Rickett cannot attend, and he has not shown that the Florida authorities will permit him to come to Ware County. However, attendance at the hearing is entirely Rickett's own responsibility, since he is not under the custody and control of the Department of Corrections or any other authority subject to the direction of the habeas court pursuant to OCGA § 9-14-46. OCGA § 9-14-47 imposes an unqualified duty on the habeas court to set a hearing and, in doing so, it should give the same consideration to Rickett's attendance or non-attendance as it would with respect to any other civil litigant. His failure to arrange to be present at the hearing set by the habeas court will subject him to the same sanc-

tions that could be imposed against any other petitioner for civil relief, including a dismissal for failure to prosecute under OCGA § 9-11-41 (b).

Moreover, it is not necessary that the mandatory hearing contemplated by OCGA § 9-14-47 be an evidentiary hearing at which Rickett is present. See *House v. Stynchcombe*, 239 Ga. 222, 223 (1) (236 SE2d 353) (1977). "The [habeas] court may receive proof by depositions, oral testimony, sworn affidavits, *or* other evidence." (Emphasis supplied.) OCGA § 9-14-48 (a). Rickett is responsible for providing the evidence to support his claim and, if he fails to do so, the habeas court would be authorized to rule against him after conducting the requisite hearing. However, a delay in scheduling the hearing until he can attend or until he has submitted evidence does not satisfy the statutory requirement that the habeas court act "within a reasonable time" after the State filed its answer to his petition. The trial court erred in denying a writ of mandamus compelling the habeas court to comply with its mandatory obligation to set a hearing on Rickett's challenge to the 1986 conviction.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 19, 2003.

James A. Rickett, *pro se.*

*Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.