## S10A1099. LUCAS v. WALKER.
### (700 SE2d 596)

THOMPSON, Justice.

Petitioner Christopher Lucas appeals from the dismissal, without a hearing, of his second petition for a writ of habeas corpus. We granted a certificate of probable cause to appeal to determine whether the habeas court properly dismissed the petition as successive without conducting an evidentiary hearing.

Petitioner was convicted of malice murder, and this court affirmed the judgment of conviction. *Lucas v. State*, 264 Ga. 840 (452 SE2d 110) (1995). In 1995 petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of counsel and lack of sufficient evidence to enable a rational trier of fact to find petitioner guilty beyond a reasonable doubt. The petition was denied, and petitioner subsequently filed an application for a certificate of probable cause to appeal. The application was denied.

In 2008 petitioner filed a second petition for a writ of habeas corpus alleging ineffective assistance of counsel, insufficient evidence, erroneous jury charges, a *Brady* violation,[1] and prosecutorial misconduct. Petitioner alleged these claims were not raised previously because he was unaware that the State had withheld evidence

---

[1] See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

until long after his original habeas petition was adjudicated.

Thereafter, petitioner filed a pleading asking to be excused from attending any hearing due to his health. However, he subsequently filed another document specifically asking the court to set a hearing date.

The State moved to dismiss the petition, alleging that it was successive and that the claims contained therein could have been presented in the original habeas petition. The habeas court granted the motion and dismissed the petition without holding a hearing.

1. Before addressing the merits of petitioner's claim, we pause to consider respondent's assertion that petitioner has not properly raised the issue presented in this case. In this regard, we take notice of the fact that in his application for a certificate of probable cause petitioner did not allege that the habeas court erred in dismissing his petition as successive without a hearing. However, in addition to filing an application for a certificate of probable cause, petitioner submitted a motion to file a direct appeal. There he alleged that the habeas court erred in dismissing his petition as successive without conducting an evidentiary hearing. Inasmuch as this Court allows " 'the utmost liberality consistent with a due observance of the forms and substance of legal requirements' " in the area of habeas corpus litigation, *Nguyen v. State*, 282 Ga. 483, 486 (651 SE2d 681) (2007), we view the motion to file a direct appeal in conjunction with the application for a certificate of probable cause and conclude that petitioner properly raised the issue.

2. A habeas corpus court is required to hold a hearing on the issues raised in the petition "within a reasonable time after the filing of defensive pleadings." OCGA § 9-14-47. Given this requirement, a habeas corpus court can dismiss a petition without a hearing only when it is able to determine from the face of the petition that it is without merit. *Mitchell v. Forrester*, 247 Ga. 622 (278 SE2d 368) (1981).

The court could not have made such a determination on the face of the petition in this case. Petitioner alleged that the issues, particularly the *Brady* violation, could not have been raised in his first habeas petition because he was unaware of it until much later. Thus, a hearing should have been held to determine whether the alleged *Brady* issue was procedurally defaulted. *Head v. Stripling*, 277 Ga. 403, 407 (590 SE2d 122) (2003).

3. We are aware that petitioner informed the court that he would not be able to attend a hearing. However, petitioner's inability to attend a hearing did not excuse the habeas court from conducting one. *Rickett v. State*, 276 Ga. 609, 611 (581 SE2d 32) (2003). The habeas court may receive proof by depositions, oral testimony, sworn affidavits, or other evidence. OCGA § 9-14-48 (a). But it must do so

in the context of a scheduled hearing. *Rickett*, supra.

4. Because the habeas court could not determine from the face of the petition that it was successive, it was required to schedule a hearing. Because it failed to do so, the judgment is reversed and the case is remanded for a hearing.

*Judgment reversed and case remanded. All the Justices concur, except Carley, P. J., who dissents.*

DECIDED OCTOBER 4, 2010.

*Sarah Gerwig-Moore, J. Scott Key*, for appellant.
*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.