## S11A1306. COLLIER v. THE STATE.
(721 SE2d 903)

MELTON, Justice.

On May 10, 2005, Kelvin Collier pled guilty to trafficking in cocaine, possession of marijuana with intent to distribute, and tampering with evidence. He was sentenced to thirty years, ten to serve, with the remaining twenty on probation.[1] Collier filed a

---

[1] Collier previously filed a motion to withdraw the plea, which the trial court denied. Collier then filed a motion for out-of-time appeal to challenge the trial court's denial of his motion to withdraw. The trial court granted Collier's motion for out-of-time appeal. The Court

petition for habeas relief on May 6, 2009, asserting that: (1) his plea was made under duress; (2) his plea was not knowingly and voluntarily entered; (3) the trial court failed to establish an adequate factual basis for the plea; (4) the conviction was obtained by use of evidence gained pursuant to an illegal search and seizure; (5) the indictment was fatally defective; (6) the evidence was insufficient to support his conviction; (7) he was denied effective assistance of trial counsel; and (8) he was denied effective assistance of appellate counsel. The habeas court scheduled a hearing for May 12, 2010, per Collier's request. On that date, the habeas court entered an order stating that Collier did not appear at the call of the case and did not contact the court to explain his absence. The court's order denied relief, finding that all grounds except for ineffective assistance of appellate counsel were barred by res judicata or waived through entry of the plea. The habeas court denied relief on the claim for ineffective assistance of appellate counsel for failure to prosecute. This Court granted Collier's application for a certificate of probable cause to assess the propriety of the habeas court's ruling. For the reasons that follow, we affirm in part and reverse in part.

As an initial matter, pursuant to OCGA § 9-14-47, a habeas "court shall set the case for a hearing on the issues within a reasonable time after the filing of defensive pleadings." The habeas court's obligation to schedule such a hearing is mandatory unless the court "is able to determine from the face of the petition that it is without merit." (Citations and punctuation omitted.) *Rickett v. State*, 276 Ga. 609, 610 (2) (581 SE2d 32) (2003). With respect to all of Collier's claims besides his ineffective assistance of appellate counsel claim, the habeas court properly determined from the face of the petition that these claims were procedurally barred or defaulted, as they were all previously adjudicated in his direct appeal to the Court of Appeals or could have been raised in that initial appeal. See *Schofield v. Meders*, 280 Ga. 865 (1) (632 SE2d 369) (2006). Accordingly, the habeas court was not required to hold a hearing to resolve these claims, and Collier's argument that he was entitled to a hearing on these claims is without merit.

Regarding the ineffective assistance of appellate counsel claim, however, this claim could not be resolved by looking solely at the face of the petition. See, e.g., *Hall v. Lewis*, 286 Ga. 767, 769 (II) (A) (692 SE2d 580) (2010) (when defendant claims ineffective assistance of appellate counsel for failure to assert an error on appeal, habeas court must determine "whether appellate counsel's decision was a

---

of Appeals affirmed the trial court's denial of Collier's motion to withdraw the plea. *Collier v. State*, 281 Ga. App. 646 (637 SE2d 72) (2006).

reasonable tactical move which any competent attorney in the same situation would have made" and whether there was a reasonable probability that, but for appellate counsel's errors, the outcome of the appeal would have been different) (citations and punctuation omitted). Thus, the habeas court was required to conduct a hearing to resolve this claim. OCGA § 9-14-47.

Although it was not necessary for Collier to be at this hearing, "[h]is failure to arrange to be present at the hearing set by the habeas court [made him] subject . . . to the same sanctions that could be imposed against any other petitioner for civil relief, including a *dismissal* for failure to prosecute under OCGA § 9-11-41 (b)." (Emphasis supplied.) *Rickett*, supra, 276 Ga. at 610-611 (2). Pursuant to OCGA § 9-11-41 (b), although an action may be dismissed "[f]or failure of the plaintiff to prosecute" his or her action, the statute makes clear that "[a] dismissal for failure of the plaintiff to prosecute *does not operate as an adjudication upon the merits.*" (Emphasis supplied.) Id. Here, however, rather than deny Collier's ineffective assistance of appellate counsel claim based on evidence presented at a hearing, the habeas court purported to deny the claim solely based on Collier's failure to prosecute it. While the habeas court was authorized to either deny the claim on the merits following a hearing or dismiss it without prejudice based on Collier's failure to prosecute it, it was not authorized to *deny Collier's claim on the merits* based on his failure to prosecute it. See id. See also *General Elec. Capital Corp. v. Browning Mulch Co., Inc.*, 303 Ga. App. 795 (694 SE2d 380) (2010) (dismissal for failure to appear and prosecute claim does not operate as adjudication on the merits). We therefore reverse the decision of the habeas court to the extent that it denies Collier's ineffective assistance of appellate counsel claim on the merits.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*J. Scott Key, Sarah L. Gerwig-Moore*, for appellant.
*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.