**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 22, 2022**

# In the Court of Appeals of Georgia

A22A0334. ARMSTRONG v. THE STATE.

MCFADDEN, Presiding Judge.

This case requires us to administer our Supreme Court's decision in *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1270, decided March 15, 2022). Under *Cook*, "the trial court out-of-time appeal procedure is not a legally cognizable vehicle for a convicted defendant to seek relief for alleged constitutional violations." Id at ___. That determination applies to "all cases that are currently on direct review or otherwise not yet final." Id. at ___ (5). So in pending cases where our jurisdiction had been invoked by an order of the trial court entered under that procedure, "the trial court's order must be vacated and the case remanded to the trial court with direction that the motion be dismissed." Id. at ___ (5).

In August 2006 Armstrong was tried and convicted of sale of cocaine and possession of cocaine with intent to distribute. Armstrong's retained trial counsel filed a timely motion for new trial, which was amended in December 2006. But counsel thereafter allowed the motion to languish. Over the ensuing years Armstrong wrote the trial court repeatedly to complain about the delay. Eventually, after the retirement of the original trial judge, an order was entered in July 2018 noting that Armstrong's retained counsel had filed nothing after August 2006 and ordering that Armstrong be represented by a public defender.

The new-trial motion was thereafter briefed and heard in open court. It was denied on the merits in an order entered in December 2019.

But the lawyer who briefed and argued the new-trial motion failed to file a timely notice of appeal. When that omission was brought to her attention, she filed a motion accepting responsibility and requesting an out-of-time appeal.

The motion was granted. New appellate counsel filed a timely notice of appeal. The case was docketed here. The briefs were filed. The appeal was in line to be decided. But before we could decide it, *Cook* was handed down.

Under *Cook* we are without jurisdiction. Armstrong's "remedy, if any, lies in habeas corpus." *Cook*, supra at ___ (5). See OCGA § 9-14-1, et seq. The Habeas Corpus Act

> establishes that the superior court in the county of the defendant's detention has "exclusive jurisdiction" over the defendant's habeas petition, OCGA § 9-14-43; contains requirements for what petitions must include, OCGA § 9-14-44, and how they must be served, OCGA § 9-14-45; establishes deadlines for answering a petition, OCGA § 9-14-47; and lays out how hearings must operate, OCGA § 9-14-48, what the habeas court must put in writing to support its judgment, OCGA § 9-14-49, and how that judgment must be appealed, OCGA § 9-14-52. The Act imposes definite time limits within which petitions must be brought: it requires a defendant to challenge a felony conviction not involving a death sentence within four years of "the conclusion of direct review or the expiration of the time for seeking such review" and to challenge a misdemeanor within one year, OCGA § 9-14-42 (c) — statutory limitations periods that are not subject to equitable tolling, see *Stubbs v. Hall*, 308 Ga. 354, 369 (840 SE2d 407) (2020). It provides for a statutory defense of laches, OCGA § 9-14-48 (e), and contains a bar on successive habeas petitions, OCGA § 9-14-51. Moreover, the Civil Practice Act, OCGA § 9-11-1 et seq., generally applies to habeas corpus proceedings. See OCGA § 9-11-81; *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981) ("[T]he CPA now applies to habeas corpus applications.").

*Cook*, supra at ___ (3) (d) (footnote omitted).

So we vacate the trial court's order granting the out-of-time appeal and remand with direction that the motion for out-of-time appeal be dismissed.

*Judgment vacated and case remanded with direction. Gobeil and Pinson, JJ., concur.*