# Court of Appeals
# of the State of Georgia

ATLANTA,   September 15, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0758. HAMMITT v. THE STATE.

In 2019, Dewell Wayne Hammitt was tried by a jury and convicted of terroristic threats, family violence simple battery, family violence battery, and criminal trespass. The trial court denied his motion for new trial on August 19, 2021. He filed a notice of appeal 33 days later, on September 21, 2021. Because a notice of appeal must be filed within 30 days after the entry of the trial court's order, see OCGA § 5-6-38 (a), we dismissed his appeal for lack of jurisdiction. Hammitt then sought leave to file an out-of-time appeal, arguing that his trial counsel had failed to file a timely notice of appeal. On November 17, 2021, the trial court granted his motion for out-of-time appeal.

Following the trial court's order, however, the Supreme Court of Georgia in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022) eliminated the judicially-created out-of-time appeal procedure in trial courts and held that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because there is "no legal authority for motions for out-of-time appeal in trial courts. . . ." Id. at 506 (5). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or is otherwise not final." Id. at 505 (4). Thus, under *Cook*, we lack jurisdiction. Hammitt's "remedy, if any, lies in habeas corpus." Id.. at 506 (5). See OCGA § 9-14-1 et seq. The Habeas Corpus Act

establishes that the superior court in the county of the defendant's detention has "exclusive jurisdiction" over the defendant's habeas petition, OCGA § 9-14-43; contains requirements for what petitions must include, OCGA § 9-14-44, and how they must be served, OCGA § 9-14-45; establishes deadlines for answering a petition, OCGA § 9-14-47; and lays out how hearings must operate, OCGA § 9-14-48, what the habeas court must put in writing to support its judgment, OCGA § 9-14-49, and how that judgment must be appealed, OCGA § 9-14-52. The Act imposes definite time limits within which petitions must be brought: it requires a defendant to challenge a felony conviction not involving a death sentence within four years of "the conclusion of direct review or the expiration of the time for seeking such review" and to challenge a misdemeanor within one year, OCGA § 9-14-42 (c) — statutory limitations periods that are not subject to equitable tolling, see *Stubbs v. Hall*, 308 Ga. 354, 369 (840 SE2d 407) (2020). It provides for a statutory defense of laches, OCGA § 9-14-48 (e), and contains a bar on successive habeas petitions, OCGA § 9-14-51. Moreover, the Civil Practice Act, OCGA § 9-11-1 et seq., generally applies to habeas corpus proceedings. See OCGA § 9-11-81; *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981) ("[T]he CPA now applies to habeas corpus applications.").

(Footnote omitted.) *Armstrong v. State*, 363 Ga. App. 721, 722-723 (872 SE2d 490) (2022), citing *Cook*, 313 Ga. at 493 (3) (d).

Accordingly, the trial court's order granting Hammitt's motion for out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Hammitt's motion. In addition, because Hammitt's motion for out-of-time appeal was granted in this case, the trial court is directed to vacate any subsequent rulings or filings that the trial court lacked jurisdiction to decide without the granted out-of-time appeal.



*Court of Appeals of the State of Georgia*
　　　　*Clerk's Office, Atlanta,___09/15/2022_____*

　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen_____ *, Clerk.*