315 Ga. 521
FINAL COPY

S22A0916. RUTLAND v. THE STATE.

LaGrua, Justice.

Appellant Israel Rutland was convicted of felony murder in connection with the deaths of Kelly Marie Prescott and Matthew Dean Horton resulting from a vehicular collision following a high-speed police chase.[1] On appeal, Appellant contends in two related

[1] Prescott and Horton died on November 12, 2013. On February 2, 2015, a Berrien County grand jury indicted Appellant for the following counts: felony murder of Prescott, predicated on fleeing and attempting to elude police officers (Count 1); felony murder of Horton, predicated on fleeing and attempting to elude police officers (Count 2); homicide by vehicle in the first degree of Prescott, predicated on fleeing and attempting to elude police officers (Count 3); homicide by vehicle in the first degree of Horton, predicated on fleeing and attempting to elude police officers (Count 4); serious injury by vehicle of Heidi Mancil (Count 5); fleeing and attempting to elude a police officer (Counts 6-11); aggravated assault on a peace officer (Counts 12 and 13); reckless conduct (Count 14); reckless driving (Count 15); driving under the influence (Count 16); driving while license suspended (Count 17); and failure to stop at a stop sign (Count 18).

Prior to trial, the driving under the influence count (Count 16) was dismissed. Jury selection occurred from September 20 to 21, 2016, and Appellant was represented by counsel during jury selection. At a trial from December 6 to December 15, 2016, Appellant represented himself, and his stand-by counsel presented closing argument. The jury found Appellant not guilty of two counts of aggravated assault on a peace officer (Counts 12 and 13)

claims that his convictions for felony murder and homicide by vehicle in the first degree constitute "inconsistent verdicts" requiring reversal. For the reasons explained below, we affirm.

The evidence presented at trial showed that on November 12, 2013, Appellant was driving through Tift County when a law enforcement officer attempted to pull him over to execute a pending arrest warrant. Appellant refused to pull over and led officers on a high-speed chase spanning multiple counties. Once in Berrien County, the Nashville Police Department deployed "stop sticks." Though Appellant ran over the "stop sticks," he never reduced his speed, lost control of his vehicle, or left his lane of travel. Shortly thereafter, he drove through an intersection with a stop sign and collided with a Trailblazer driven by Heidi Mancil. Mancil's siblings,

and reckless conduct (Count 14), but guilty of the remaining counts. The trial court merged the two counts of homicide by vehicle in the first degree (Counts 3 and 4) into the two felony murder counts (Counts 1 and 2), and Appellant was sentenced to serve life in prison plus six years. Appellant filed a timely motion for new trial. After the motion-for-new-trial hearing, the trial court vacated one of Appellant's convictions for fleeing and attempting to elude a police officer (Count 6), re-sentenced Appellant to serve life in prison plus five years, and otherwise denied the motion for new trial. Appellant filed a timely notice of appeal, and the case was docketed to this Court's August 2022 term and submitted for a decision on the briefs.

Prescott and Horton, were also occupants of the vehicle. Prescott and Horton were declared dead at the scene, and their cause of death was determined to be severe trauma as a result of the collision. Although Mancil survived, she suffered serious injuries and had to be life-flighted to the nearest hospital to treat her injuries.

1. Appellant contends that the trial court erred when it accepted the jury's guilty verdicts on felony murder and homicide by vehicle in the first degree because they were "inconsistent verdicts." He argues that these verdicts were "inconsistent" because the felony murder convictions required a finding that Appellant "acted with criminal intent" and the homicide by vehicle convictions required a finding that Appellant "acted . . . [with] criminal negligence." For the reasons explained below, this claim has no merit.

"As a general rule, inconsistent verdicts occur when a jury in a criminal case renders seemingly incompatible verdicts of *guilty* on one charge and *not guilty* on another." *McElrath v. State*, 308 Ga. 104, 108 (2) (a) (839 SE2d 573) (2020) (emphasis in original). See also *State v. Owens*, 312 Ga. 212, 216 (1) (a) (862 SE2d 125) (2021).

3

An example of "inconsistent verdicts" is when a defendant is convicted of possession of a firearm during the commission of the crime of aggravated assault, but found not guilty of aggravated assault. See *Coleman v. State*, 286 Ga. 291, 295-296 (4) (687 SE2d 427) (2009). Although this Court once viewed inconsistent verdicts as impermissible, we now allow inconsistent verdicts to stand, reasoning that "it is not generally within the court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts." *McElrath*, 308 Ga. at 109 (2) (a) (citation and punctuation omitted). But, we have acknowledged that "repugnant verdicts" require reversal. See id. at 111 (2) (c). "Repugnant verdicts" "occur when, in order to find the defendant not guilty on one count and guilty on another, the jury must make affirmative findings shown on the record that cannot logically or legally exist at the same time." Id. at 111 (2) (c) (emphasis omitted). An example of "repugnant verdicts" is when a defendant is found guilty but mentally ill of felony murder and aggravated assault and not guilty of malice

4

murder by reason of insanity. See id. at 112 (2) (c) ("Put simply, it is not legally possible for an individual to simultaneously be insane and not insane during a single criminal episode against a single victim, even if the episode gives rise to more than one crime.").

Here, Appellant contends that, although we no longer hold that inconsistent verdicts necessarily require reversal, the verdicts in this case should nonetheless be reversed. However, the guilty verdicts on felony murder and homicide by vehicle in the first degree cannot be classified as "inconsistent verdicts" or "repugnant verdicts" because the felony murder and homicide by vehicle verdicts consist *only* of guilty verdicts, rather than a *guilty* verdict and a *not guilty* verdict. Thus, Appellant's claim has no merit.

Although two or more guilty verdicts cannot be "inconsistent verdicts" or "repugnant verdicts" as we have defined those terms, they could be "mutually exclusive." See *McElrath*, 308 Ga. at 110 (2) (b). But guilty verdicts are not mutually exclusive with one another unless they "cannot legally exist simultaneously." Id. An example of "mutually exclusive" verdicts is when a defendant is convicted of

malice murder, an offense requiring a showing of the presence of malice aforethought, and vehicular homicide, an offense requiring a showing of the absence of malice aforethought. See *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996).

Here, the guilty verdicts on felony murder and homicide by vehicle involve levels of mental culpability that are different in degree but not ones that, as in *Dumas*, "cannot legally exist simultaneously." *McElrath*, 308 Ga. at 110 (2) (b). See also OCGA § 16-5-1 (c) (defining "felony murder" as "in the commission of a felony, . . . caus[ing] the death of another human being irrespective of malice"); OCGA § 40-6-393 (a) (defining "first-degree homicide by vehicle" as "caus[ing] the death of another person through [certain traffic offenses]" "without malice aforethought"). We have made clear that "multiple guilty verdicts for the same conduct that are based on varying levels of mens rea are not mutually exclusive." *State v. Springer*, 297 Ga. 376, 382 (1) (774 SE2d 106) (2015).[2]

---

[2] We note that *Springer* explicitly overruled *Walker v. State*, 293 Ga. 709 (749 SE2d 663) (2013), which reversed the defendant's convictions for felony

Accord *Hinkson v. State*, 310 Ga. 388, 391-392 (2) (850 SE2d 41) (2020). Thus, the verdicts here are neither inconsistent nor mutually exclusive, and Appellant's claim also fails for this reason.

2. Appellant also contends that the trial court erred by failing to instruct the jury that it could not find Appellant guilty of both felony murder and homicide by vehicle in the first degree. This claim fails.

"Where a defendant does not request that the trial court give a jury instruction," as Appellant did not here, "this Court only reviews for plain error." *Munn v. State*, 313 Ga. 716, 722 (3) (873 SE2d 166) (2022).

> To show plain error, the appellant must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

*Payne v. State*, 314 Ga. 322, 325 (1) (877 SE2d 202) (2022) (citation

murder based on aggravated assault and homicide by vehicle based on reckless driving because they were "mutually exclusive." See *Springer*, 297 Ga. at 383 (2) n.4.

7

and punctuation omitted). This Court does not have to analyze all elements of the plain-error test where an appellant fails to establish one of them. See id.

For the reasons set forth in Division 1, we conclude that there was no error, plain or otherwise, in the trial court's failure to instruct the jury that it could not find Appellant guilty of both felony murder and homicide by vehicle in the first degree and that any such instruction by the trial court would have been error. Cf. *Booth v. State*, 311 Ga. 374, 375, 376 (1) (858 SE2d 39) (2021) (concluding that the trial court made an "incorrect determination at trial that the verdicts were mutually exclusive" when it vacated the verdicts and "charged the jury that they could not enter guilty verdicts on both felony murder and involuntary manslaughter and could not enter guilty verdicts on both neglect to an elder person and reckless conduct").

*Judgment affirmed. All the Justices concur.*

Decided February 7, 2023.

Murder. Berrien Superior Court. Before Judge Tomlinson.

*The C. B. King Law Firm, Chevene B. King, Jr.*, for appellant.

*Chase L. Studstill, District Attorney, Laura A. Wood, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Parisa F. Sarfarazi, Assistant Attorney General*, for appellee.